Gibney v. Turner.

simply evidence for plaintiff to use on the trial. *35 Ark.,
543 ; 33 id., 543.* A variance in description may be corrected
by oral evidence. *33 Ark., 475.* Contends that there was no
real variance, but if there was demurrer, was not the remedy.
*42 Ark., 186.*

PER CURIAM. It was error to quash the order of delivery
on demurrer to the complaint.

REPLEVIN:
Variance:
Practice.

## GIBNEY V. TURNER.

1. EVIDENCE: *As to value of labor.*
   In an action to recover damages for the breach of a contract, to pay a specific
   sum for work, testimony as to the value of the work is inadmissible.

2. DAMAGES: *Breach of contract to pay a specific sum for work.*
   When a mechanic employed to perform specific work for a stipulated price, is
   wrongfully prevented by his employer from completing the contract, he may
   recover for such breach thereof, damages equal to the difference between the
   cost of the work and the price agreed to be paid for it, the cost being the
   market value of material on hand for the work, the amount that would have
   been paid for labor and material in completing it, and what the mechanic
   gained, or might have gained, by the saving of his time not employed in com-
   pleting the contract.

| 52 | 117 |
| 71 | 415 |

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Judge.

Turner sued Gibney & Patterson in a justice's court upon
an open account for $40, and on appeal to the Circuit Court,
recovered judgment against them for $20.60, from which they

Gibney v. Turner.

have appealed.    On the trial the plaintiff testified that the defendants employed him to put upon their building a tin gutter, for which they agreed to pay him the sum of $40.    That having furnished the necessary material, and made the gutter, he found that the defendant had let the job to another person, and he was not permitted to complete the contract.    That the material for the entire job cost $9.90, and that in putting the tin together he employed one person whose labor cost $1.50, and that the labor required for completing the work would have cost $8.    He also stated that he sold the gutter, which was prepared for the defendant's house, for $26.32.    The defendants offered to prove by one Phillips, a practical tinner, that he did the work referred to for $16.50, and that that sum was a fair price for it; but the court excluded this testimony.    Instruction numbered one, requested by the plaintiff, and amended by the court, and given to the jury against the defendants' objection, is as follows :

" If the jury believe from the evidence that the defendants employed the plaintiff to do certain work for them at an agreed price, and being willing and ready to perform the work, the plaintiff was, without fault on his part, prevented by the defendants from performing the same, then the plaintiff will be entitled to recover on the contract; and the basis of damages will be the amount agreed upon as a price for the work to be done, less the cost of material to be used in performing the same, and also the labor necessary to perform the contract, unless the defendants show to the jury that the plaintiff, during the time required of plaintiff to perform the contract, was or could have been engaged in other work of like kind, which would have yielded to him the same profits."

*Murry & Kinsworthy*, for appellants.

I.    The court erred in amending plaintiff's instruction No. 1, and giving it as amended.    A party who charges a breach of contract and seeks to recover on the contract which he has kept, can do so, provided he has used all the means in his power

to avoid or mitigate the loss resulting from the breach; but only his actual damage. *20 Am. Dec., 341; 27 id., 626; 24 id., 137; 34 id., 262; 11 N. E. Rep., 784, and note.* It was error also to instruct the jury that defendants were required to prove that the plaintiff could have been engaged at the same kind of work contracted for. Plaintiff was bound to take such employment as was offered. *Sedg. on Dam. (6th ed.), 417–18, note 2.* For the measure of damages, see *34 Am. Dec., 262; 9 Ark., 394; 20 Am. Dec., 341; 27 id., 626.*

*Crawford & Crawford,* for appellee.

In a job contract like this, where before performance, the principal wrongfully terminates the contract, the damages are based on the difference between the price stipulated and the cost of the performance. *13 How. (U. S.), 344; 14 Mich., 39; 35 Cal., 229; 3 Ark., 324; 110 U. S., 338: 2 Suth. on Dam., pp. 521–3.* See, also, *4 Cal., 392. 9 Ark., 394,* was a time contract to labor. The cases cited by appellant are chiefly cases of time contracts. The court's error was prejudicial only to appellee, if any one.

PER CURIAM. The court did not err in excluding the testimony of Phillips; but error was committed in giving instruction No. 1, asked by plaintiff and amended by the court.

<div style="float:right">EVIDENCE: DAMAGES: Breach of contract.</div>

The rule in cases of this kind is that plaintiff, if he prove the existence of a contract for a specific sum, for the performance of specific work, is entitled for the breach thereof by his employer to damages equal to the difference between the cost of the work and the price to be paid for it; the cost being the market value of the material on hand and the amount that would have been paid for labor and material in completing the contract, and the value to him of his own time that would have been consumed in completing the contract. *Gardenhire v. Smith, 39 Ark., 280; Brodie v. Watkins, 33 ib., 545.* The value of the time is what he gained or might have gained by the saving of his time not employed in completing the contract. Reverse and remand for further proceedings.