THREE STATES LUMBER CO. *v.* MOORE.

Opinion delivered February 25, 1918.

1. PRINCIPAL AND AGENT—VIOLATION OF SPECIFIC INSTRUCTIONS—NOTICE.—An agent, acting within the apparent scope of his employment, though in violation of specific instructions, may bind his principal in dealing with one who has no notice of the restrictions upon the agent's authority; but the rule is otherwise where the agency is special, and not general, that is, where the agent's authority is to be confined to a single transaction or to a particular act, there is no presumption as to general authority, and one dealing with him must ascertain the extent of his authority.

2. PRINCIPAL AND AGENT—GENERAL AGENT—PRESUMPTION AS TO AUTHORITY.—One dealing with an admitted agent has the right to presume, in the absence of notice to the contrary, that he is a general agent clothed with authority coextensive with its apparent scope.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; affirmed.

*Lamb & Rhodes,* for appellant.

1. Tompkins was a special agent and had no authority to make the contract. The instructions given were erroneous. 90 Ark. 278; 96 *Id.* 614; 80 *Id.* 454; 70 *Id.* 385; 105 *Id.* 111-116.

2. The evidence shows that Tompkins never made the contract. He had no authority to make it, and it was not within the apparent scope of his authority to make it. Cases *supra*.

McCULLOCH, C. J. Appellant is the owner of certain lands in Mississippi County, and instituted this action of unlawful detainer against appellee to recover possession of the portion thereof which he was alleged to be unlawfully withholding after having occupied same as appellant's tenant. Appellee was put out of possession under the writ issued at the commencement of the action, and claims damages. There was trial of the cause before a jury and the verdict was in appellee's favor, awarding damages for being wrongfully put out of possession under the writ.

The land was leased by appellant's agent to one Robinson for a term ending December 31, 1916, and appellee obtained possession as a sub-renter under Robinson. Appellee claims that just before the expiration of the lease he rented the lands from appellant's agent for the year 1917 and held possession pursuant to that contract. He also claims that he planted a part of his crop upon the faith of the contract that he was to occupy the premises for that year.

On the trial of the cause appellee adduced testimony sufficient to warrant the finding that Tompkins, the agent of appellant, entered into a contract with appellee for the renting of the premises for the year 1917 at the price of $8.00 per acre. The testimony adduced by appellant was to the effect that Tompkins was the agent of appellant with authority to rent its lands for the year 1917, but that he was instructed to rent only for a share of the crop, and not for money rent. There is some uncertainty in the testimony as to whether appellee had notice of the limitation upon the authority of Tompkins with respect to the particular kind of rent contract and the jury might have found either way on that question. It was submitted to the jury and we must treat the ver-

dict of the jury as settling the issue in appellee's favor that he dealt with Tompkins without notice of the limitations upon the latter's authority.

The contention of the appellant is that it being undisputed that the authority of Tompkins was restricted to a renting of the lands for a share of the crop, appellee was bound to take notice of those restrictions, and that a contract made by Tompkins in violation of his instruction was not binding upon appellant. The law is that an agent acting within the apparent scope of his authority, though in violation of specific instructions, may bind his principal in dealing with one who has no notice of the restrictions upon the agent's authority. *Parsel* v. *Barnes,* 25 Ark. 261; *Jacoway* v. *Insurance Co.,* 49 Ark. 320; *Liddell* v. *Sahline,* 55 Ark. 627; *Forrester-Duncan Land Co.* v. *Evatt,* 90 Ark. 301; *Brown* v. *Brown,* 96 Ark. 456.

An exception to that rule is that where the agency is special, and not general, that is to say, where his authority is to be confined to a single transaction or to a particular act, there is no presumption as to general authority, and one dealing with him must ascertain the extent of his authority. *Liddell* v. *Sahline, supra; Mutual Life Insurance Co.* v. *Reynolds,* 81 Ark. 202; *Jonesboro, Lake City & Eastern Rd. Co.* v. *McClelland,* 104 Ark. 150. But one dealing with an admitted agent has the right to presume, in the absence of notice to the contrary, that he is a general agent clothed with authority coextensive with its apparent scope. *Oak Leaf Mill Co.* v. *Cooper,* 103 Ark. 79.

Tompkins was a general agent with authority to rent appellant's lands and it was within the apparent scope of his authority to fix the terms of the rental contracts. Those who dealt with him in the transactions were not bound to take notice of specific instructions which constituted restrictions upon his authority with respect to the terms of the contract.

The instructions of the court submitting the issues to the jury were not in conflict with the law as here an-

nounced, and the evidence was legally sufficient to warrant a verdict in appellee's favor.

Judgment affirmed.