BUSH *v.* WOFFORD.

Opinion delivered June 30, 1919.

1. RAILROADS—APPARENT AUTHORITY OF ROADMASTER.—A roadmaster having general authority to employ men to do work in grading the roadbed was a general agent, and a contract of employment of a teamster for sixty days was within the apparent scope of his authority.

2. PRINCIPAL AND AGENT—GENERAL AGENT—LIMITATION OF AUTHORITY.—It was not error to refuse to instruct the jury upon the theory that one who contracts with a general agent is bound to inquire as to the limitations of his authority.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Thos. B. Pryor* and *W. P. Strait,* for appellant.

1. Under the undisputed facts appellee failed to make out a case for damages, and a verdict should have been directed for defendant. Where the obligation of the contracting parties are mutual, and a duty is imposed upon each party to perform certain things, as here, the party who first commits a breach thereof relieves the other party of any responsibility of performance or liability for a failure to do so. 98 Ark. 760; 78 *Id.* 336; 97 *Id.* 522; 105 *Id.* 233; 79 *Id.* 524; 96 *Id.* 647.

2. One who deals with an agent is bound to ascertain the nature and extent of his authority, that he is

put upon notice of the limitations of the agent's authority. If he fails to do so, he deals with the agent at his own risk. 92 Ark. 315; 105 *Id.* 111; 117 *Id.* 174; 62 *Id.* 33; 116 *Id.* 6.

2. If for any reason the case should have gone to a jury, then the court committed reversible error in refusing instructions Nos. 4, 6 and 7 asked for defendant and in modifying No. 3. These instructions are elemental principles of law applicable to the facts here. Cases *supra.*

*Heartsill Ragon,* for appellee.

There is no error in the instructions given, modified or refused, and the testimony supports the verdict, which was not excessive, and the judgment should be affirmed. 49 Ark. 320; 48 *Id.* 138; 96 *Id.* 456; 100 *Id.* 325.

McCULLOCH, C. J. Appellee, W. P. Wofford, instituted this action at law against appellant Bush as receiver of the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for an alleged breach of contract whereby appellant's agents employed appellee to do grading work with four teams for a period of sixty days. Appellant denied that he executed the contract in question, and also denied that, if there was such a contract, it was broken by appellant. There was a trial of the issues before a jury which resulted in a verdict in favor of appellee, and an appeal has been duly prosecuted.

The first contention is that the testimony is not sufficient to sustain the verdict in that there was no contract covering a definite period of time. Appellee testified that he was employed by the section foreman to work with four teams for sixty days. He testified that when the foreman first approached him with the proposition to do the work he declined to do so on the ground that he then had a good job hauling coal and was afraid that if he went to work in the railway service they might stop him from working before he could work long enough to make the job a remunerative one. His testimony was,

in substance, that the foreman then proposed to hire him for the period of sixty days, and that he aggreed to go to work under those terms, and that the price was also agreed on. This testimony made an issue for the determination of the jury as to whether or not the contract was in fact entered into as claimed by appellee.

Again, it is urged that the testimony is insufficient because there was no authority on the part of the section foreman to enter into a special contract fixing a definite period of service for an employee. Appellant adduced testimony establishing the fact that there was a rule of the company not to employ men in service of this kind for a definite time, but to employ by the hour or by the day, and it is contended that the section foreman was without actual authority. Conceding that the undisputed evidence establishes lack of actual authority, it cannot be said that the evidence was insufficient to warrant a finding that the action of the foreman was within the apparent scope of his authority or at least within the apparent scope of the authority of Mr. Blake, the roadmaster, who gave express authority to the section foreman to enter into the contract. The testimony shows that Mr. Blake authorized the section foreman to make the contract with appellee for performance of services during the period of sixty days. Blake was a general agent, and appellee was not put upon inquiry as to restrictions upon his authority. *Three States Lumber Co.* v. *Moore,* 132 Ark. 371. Blake was authorized to employ men to perform services of this kind, and the fixing of the terms of the employment was within the apparent scope of his authority. Appellee had worked for appellant before that time in similar service, and it was a question for the jury to determine whether or not he was apprised of the actual authority of the roadmaster.

Again, it is said that the undisputed evidence shows that appellee first broke the contract by withdrawing two of his teams from this work, and that he could have earned as much by hauling coal from a mine after he

was discharged from appellant's service. The evidence is not undisputed on those questions, and we are of the opinion that there was enough to justify a submission of the issue to the jury.

Error is assigned in the ruling of the court in refusing to give an instruction (No. 4) which would have told the jury that if "it was the custom or rule of the company to employ labor of the character in question by the day only, and that this custom was known to the plaintiff, or by the exercise of ordinary diligence or inquiry could have been known to him, then he is charged with a notice and knowledge of this fact, and if, with such knowledge and notice, he entered into a contract with the agent of the company of a character not authorized by the defendant, then he cannot recover in this cause."

This instruction is, for the reasons already stated, incorrect in telling the jury that the duty rested on appellee to inquire concerning the authority of the agent. *Three States Lumber Co.* v. *Moore, supra.*

The court submitted to the jury in an appropriate instruction the issue as to the charge that appellee abandoned the contract, and there was no error in refusing the instruction on that subject requested by appellant.

We find no error in the proceedings, and the judgment is therefore affirmed.