## 10289

### JOWERS v. DYSARD CONSTRUCTION COMPANY.

#### (100 S. E. 892.)

1. DISMISSAL AND NONSUIT—NONSUIT AS TO ITEMS OF ACCOUNT OR SEPARATE ELEMENTS OF DAMAGES.—A nonsuit cannot be granted as to items of an account or separate elements of damages, but the remedy is by a request to charge that the objectionable items and elements of damage are not recoverable.

2. CONTRACTS—EVIDENCE; PERFORMANCE.—In an action by subcontractor against the contractor to recover for work done in constructing manholes and flush tanks in a sewer system for a city, where plaintiff had testified that his work was satisfactory to the city and its inspectors, evidence by the city engineer, as to whether plaintiff's work was satisfactory, was improperly excluded.

3. DAMAGES—BREACH OF CONTRACT; ELEMENTS.—Where plaintiff subcontractor had performed part of the work under a contract for the construction of manholes and flush tanks in sewer system in subservience to defendant's contract with the city, the value of plaintiff's services in the performance of the contract was an item to be considered in the cost of performance.

4. EVIDENCE—HEARSAY; REPORT OF CITY INSPECTOR INADMISSIBLE.—In a subcontractor's action against a contractor to recover for the construction of certain manholes and flush tanks in sewer system, where plaintiff had testified that his work was satisfactory to the city, a report of a city inspector was properly excluded as hearsay.
   HYDRICK, WATTS and GAGE, JJ., dissenting in part.

Before MEMMINGER, J., Richland, Spring term, 1918. Reversed and new trial ordered.

Action by J. M. Powers against Dysard Construction Company.   Judgment for plaintiff, and defendant appeals.

*Messrs. J. Fraser Lyon* and *Nettles & Tobias,* for appellant, cite: *As to what one is entitled to recover when wrongfully prevented from completing an executory contract:* Sedgwick on Damages (9th Ed.), p. 614; 3 Elliott on Contracts, pp. 2138 and 2149; 13 Corpus Juris 796; 8 R. C. L. 511; 58 S. C. 373 (1900); 51 S. C. 143 (1897); 39 S. C. 427 (1893); 33 Ind. 54; 5 Am. Dec. 177 (1870); 83 Ala. 614; 11 So. 60 (1891); 7 Hill 61; 42 Am. 38 (1845); 150 (Cal.) 769 (1915); 75 N. E. (Mass.) 219; 51 Neb. 700; 71 N. W. 776 (1897); 12 S. W. (Ark.) 201 (1889); 58 So. (Ala.) 941 (1912); 157 S. W. (Ky.) 23 (1913); 135 S. W. (Tex.) 260 (1911); 8 Am. & Eng. Ency. 663 (note); 9 N. W. 1 (1881). *As to the admissibility in evidence of the reports of J. T. Burdell, city inspector:* II Wigmore on Evidence, par. 1521; 45 S. C. 651 (1895). *As to allowing the jury to take with them to the jury room papers not in evidence:* 38 Cyc. 1834; 50 S. C. 95; 25 S. E. 555.

*Mr. W. N. Graydon,* for respondent, cites: *As to excluding the report of J. T. Burdell, city inspector:* 108 S. C. 195; 103 S. C. 270. *As to the measure of damages recoverable by plaintiff:* 70 S. C. 8; 8 A. & E. Ency. Law 614; 29 S. C. 393; 66 S. C. —; 110 U. S. 338; 28 L. Ed. 168; 4 Sup. Ct. Rep. 81; Advance Sheets of U. S. Supreme Court No. 4, decided 9th December, 1918; 83 S. C. 118. *As to permitting jury to take papers to room:* 58 S. C. 94; 65 S. C. 258; 41 S. C. 192; 89 S. C. 153; 86 S. C. 170; 96 S. C. 277.

November 11, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent in his argument on appeal makes the following statement of the facts:

"J. M. Jowers made a contract with the Dysard Construction Company to build certain manholes and flush tanks in the city of Columbia. Dysard Construction Company had

a contract with the city of Columbia to build these things and hired Jowers to do certain parts of the work. The contract was in writing and specifically stated the price of the manholes and flush tanks as so much per foot. The testimony showed there were 84 manholes and 173 flush tanks to be built.

"Jowers commenced work on the contract and bought a mule, and wagon, cement, brick, and other material, and built four manholes and eleven tanks, when the defendant drove him off of the work and refused to allow him to finish the contract. The plaintiff then commenced this action, and demanded judgment for the sum of $1,674 damages for breach of the contract and $96.91 for work already done.

"He expressly sought damages for the profits he alleged he would have made on the work, basing his estimate on the amount he had made on the work already done.

"The answer of defendant was a general denial and an allegation that plaintiff had voluntarily abandoned the work and that it had paid him for the work already done."

The judgment was for the plaintiff, and the defendant appealed upon eight exceptions.

1. The first three exceptions complaint of error in refusing a nonsuit as to separate items of the account. These exceptions cannot be sustained, as there is no provision for a nonsuit as to items of an account, or separate elements of damages. The remedy is a request to charge that the objectionable items and elements of damage are not recoverable.

2. The next objection is that the witness, T. K. Legare, was not allowed to answer the question, "Was Jowers' work satisfactory to your inspectors and yourself?"

The witness was the city engineer. The plaintiff, when on the stand, said:

"I knew the work would be under the city engineer, and that his inspector would check me up and report to the city.

I knew the work would have to come up to city specifications. My work was satisfactory to the city and its inspectors."

The contract of the plaintiff and defendant was a sub-contract, made in subservience to the contract between the defendant and the city. The testimony of the city engineer was competent. The fourth exception is sustained.

3. The appellant complains of error in the exclusion of a report of city inspector, J. W. Burdell. The report was excluded on the ground that the city was not a party to the action. The plaintiff had testified that his work was satisfactory to the city inspectors. We have seen that the city contract was in question and the testimony was competent to disprove his statement.

4. His Honor, the presiding Judge, charged the jury that the value of the contract was the difference in the cost to the plaintiff of performing the unfinished part of the contract and the price which the defendant had agreed to pay to the plaintiff to perform it. The appellant asked his Honor to charge the jury that the value of the plaintiff's service in the performance of the contract was an item to be considered in the cost of performance. This his Honor refused to do, and in this he was in error. This is a contract for construction and not a contract for personal service.

The last two exceptions complain of matters that are incident to the trial complained of, and, as a new trial must be ordered, these exceptions need not be considered.

Judgment is reversed and a new trial ordered.

MR. CHIEF JUSTICE GARY concurs.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE: We concur, except as to the disposition of the third point considered. We think the report of Burdell was properly excluded, because it was hearsay.