STANDARD OIL COMPANY *v.* COUCH AND STAINTON.

Opinion delivered November 16, 1925.

PRINCIPAL AND AGENT—APPARENT AUTHORITY.—A principal is bound, not only by the acts of the agent which were expressly authorized, but also by all the acts of a general agent which are within the apparent scope of his authority, whether they have been authorized by the principal or not, and even if they are contrary to express directions.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; affirmed.

*T. J. Gaughan, J. T. Sifford, J. E. Gaughan* and *Elbert Godwin,* for appellant.

*G. R. Haynie,* for appellee.

HUMPHREYS, J. Appellees instituted separate suits against appellant in the circuit court of Ouachita County

to recover alleged balances due them on open account for work done by themselves and teams in excavating an earthen tank to be used in storing crude oil flowing from appellant's wells in the oil field of said county.

Separate answers were filed in each suit by appellant, denying the indebtedness.

The cases were consolidated by agreement of counsel representing the parties, and both causes were presented to a jury upon the testimony adduced by appellees and appellant under instructions given by the court, presenting the theory upon which appellees sought a recovery and appellant an exemption from liability. The trial resulted in a verdict in favor of W. Q. Couch for $370.45 and O. J. Stainton for $367.48, upon which judgments were entered. From these judgments an appeal has been duly prosecuted to this court.

The only question presented on an appeal for determination grows out of the refusal of the court to instruct a verdict for appellant. It is contended that there is no substantial evidence in the record upon which to base the finding of the jury to the effect that the employment of appellees to do the work was within the apparent scope of the authority of appellant's agent, who employed them with their teams to assist in digging said earthen tank. According to the undisputed testimony, appellees, with their teams, were employed by Ed Rupple, who was appellant's foreman in charge of the work. He had actual authority to employ men to work in excavating the earthen tank and to discharge men and teams when through with them, but he had no actual authority to hire teams. Rupple admitted that he hired appellees with their teams to do the work, but testified that he told them that he was employing them for H. T. Long, who had a contract to supply J. T. Stiles with men and teams, who, in turn, had a contract to furnish appellant with teams and drivers. Appellees denied that Ed Rupple informed them that he was employing them for H. T. Long or J. E. Stiles. They testified that they did the work under the

belief that Ed Rupple employed them on the account of appellant.

Summing up and treating the testimony in the most favorable light to appellees, which we must do under the law, appellant's foreman, who was its general agent, employed appellees with their teams to assist in constructing a tank without first telling them that he was employing them for or on account of H. T. Long.

These facts bring the instant case well within the rule announced in the case of *Chalmers & Son* v. *Bowen,* 112 Ark. 63, and reaffirmed in the cases of *Three States Lumber Co.* v. *Moore,* 132 Ark. 371, and *Empire Rice Mill Co.* v. *Stone,* 155 Ark. 623, to the effect that a "principal is not only bound by the acts of the agent done under express authority, but is also bound by all the acts of a general agent which are within the apparent scope of his authority whether they have been authorized by the principal or not, and even if they are contrary to express directions."

No error appearing, the judgment is affirmed.