JONES v. CHARLESTON & W. C. RY. CO.

(142 S. E., 516)

1. EVIDENCE—PLAINTIFF'S TESTIMONY THAT EXAMINER FOR INSURANCE COMPANY STATED HE · COULD NOT RECOMMEND PLAINTIFF FOR LIFE INSURANCE AS RESULT OF ACCIDENT HELD HEARSAY.—In action against railway for injuries in crossing collision, plaintiff's evidence that local examiner for insurance company stated he could not recom-

Note: As to admissibility of hearsay evidence, generally, see 10 R. C. L., 958; 2 R. C. L. Supp., 1121.

Admission of incompetent evidence as reversible error, see 2 R. C. L., 253; 4 R. C. L. Supp., 98; 5 R. C. L. Supp., 88; 6 R. C. L. Supp., 81.

mend plaintiff for life insurance as result of the accident *held* inadmissible as hearsay.

2. EVIDENCE—HEARSAY EVIDENCE IS EXCLUDED BECAUSE NOT SUBJECT TO ORDINARY TESTS FOR ASCERTAINING ITS TRUTH.—Hearsay evidence is not admissible because not subject to ordinary tests for ascertaining its truth, author of statements not being subject to cross examination, and not speaking under oath, there being no opportunity to investigate his character and motives, and his deportment not being subject to observation.

3. EVIDENCE—IN PERSONAL INJURY ACTION, INSURANCE AGENT'S STATEMENT THAT HE SENT PLAINTIFF'S APPLICATION FOR INSURANCE TO LOCAL EXAMINER, WHO SAID HE WOULD NOT MAKE EXAMINATION, AND REJECTED APPLICATION, HELD HEARSAY.—In action against railroad for injuries in crossing collision, testimony of insurance agent that he had sent plaintiff's application for insurance to local examiner, and that application had been rejected by such examiner, in which it appeared that examiner told witness he would not make examination, *held* inadmissible as hearsay.

4. APPEAL AND ERROR—INCOMPETENT TESTIMONY OF SOME PROBATIVE FORCE ON MATERIAL ISSUE IS PRESUMED PREJUDICIAL.—There is legal presumption that incompetent testimony of some probative force on material issue of fact is prejudicial.

Before JOHN I. COSGROVE, SPECIAL JUDGE, Beaufort, March, 1927.   Reversed and new trial granted.

Action by J. S. Jones, Jr., against the Charleston & Western Carolina Railway Company.  Judgment for plaintiff, and defendant appeals.

*Messrs. F. B. Grier, W. J. Thomas,* and *M. G. McDonald,* for appellant, cite: *"Hearsay evidence":* 10 R. C. L., 958; 113 S. C., 84; 22 C. J., 203. *There is a legal presumption that incompetent testimony of some probative force upon a material issue of fact is prejudicial:* 119 S. C., 159. *Cases distinguished:* 108 S. C., 452. *Rule laid down in 47 S. C., 105, that failure to give the statutory signals need not have been a proximate cause of plaintiff's injury in order to enable him to recover, overruled:* 58 S. C., 222; 65 S. C., 229; 73 S. C., 254; 83 S. C., 325; 91 S. C., 230; 94 S. C., 143; 140 S. C., 260. *Where a request to charge is not absolutely erroneous, but is only slightly inaccurate, the burden is on the party making the request to show*

*that it could not have been misleading:* 102 S. C., 57. *Refusal of trial Judge to charge as requested, as to duty of traveler approaching a crossing, was error:* 119 S. C., 438.

*Messrs. Claude M. Aman,* and *Alfred Wallace, Jr.,* for respondent, cite: *From the standpoint of relevancy, the admission of testimony is largely in discretion of trial Judge:* 135 S. C., 62; 140 S. C., 388; Id., 445; Id., 296. *Where there is ample evidence to support the verdict it will not be reversed because some questionable evidence gets injected into the case:* 78 S. C., 73; 91 S. C., 328; 95 S. C., 466; 138 S. E., 675; 93 S. C., 295; 94 S. C., 282; 138 S. C., 241. *Admission of hearsay testimony as to matters otherwise proved is not prejudicial:* 120 S. C., 290; 108 S. C., 472; 140 S. C., 123. *As to statutory signals:* 76 S. C., 368; 99 S. C., 264. *After failure to ask for further instructions to clarify any matters, cannot now complain:* 83 S. C., 82; 138 S. C., 421; 136 S. C., 506; 129 S. C., 200; 128 S. C., 59; 127 S. C., 426; 126 S. E., 437; 134 S. C., 67; 120 S. C., 223; 27 S. C., 268; 136 S. C., 21; 141 S. C., 245; 76 S. C., 49; 40 S. C., 134; 134 S. E., 367. *Failure to give statutory signals raises prima facie case for plaintiff:* 63 S. C., 532; 84 S. C., 137. *Same, raises presumption that such failure was proximate cause of the injury:* 138 S. E., 675; 140 S. C., 245; 14 S. C., 245. *Charge must be taken as a whole:* 140 S. E., 98. *An error in one part of a charge may be corrected by other parts:* 84 S. C., 1; 57 S. C., 325; 105 S. C., 509; 71 S. C., 322; 141 S. C., 397; 102 S. C., 166; 72 S. C., 43; 86 S. C., 379; 84 S. C., 125; 87 S. C., 415; 141 S. E., 90. *Punitive damages follow as a matter of right upon proper proof of willfulness and wantonness:* 91 S. C., 71; 62 S. C., 325; 65 S. C., 143; 69 S. C., 160; 75 S. C., 299; 75 S. C., 301; 69 S. C., 110; 60 S. C., 48. *As to charge on negligence:* 71 S. C., 156; 76 S. C., 49; 87 S. C., 190; 94 S. C., 341; 104 S. C., 33; 91 S. C., 523; 90 S. C., 391.

March 29, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an action for injury to person and property, commenced in November, 1926. On January 23, 1926, respondent's Ford coupé and appellant's train collided where the highway crosses at grade the Y track of appellant in or near the Town of Yemassee. The train consisted of an engine and two or three coaches. Respondent, claiming to have been injured personally, and his car damaged, entered suit against appellant in the sum of $15,000.00. The action is based on negligence and willfulness, the specifications of which are fully set out in the complaint. The answer set up a general denial, contributory negligence, and willfulness on the part of respondent.

The case was tried in March, 1927, before Hon. John I. Cosgrove, Special Judge, and a jury and resulted in a verdict in favor of plaintiff in the sum of $5,000.00, upon which judgment was duly entered. Within due time, an appeal was taken upon exceptions that question the admission of certain testimony, the refusal of the trial Judge to charge certain requested instructions, and the charge itself.

Exceptions 1 and 2 are:

"(1) That the trial Judge erred in admitting the testimony of plaintiff to the effect that Dr. Rivers, who was local examiner for an insurance company, had stated to him that as a result of the wreck he could not recommend plaintiff for life insurance; the error being that such testimony was hearsay, constituted *res inter alios acta,* was not alleged as an element of damage, and was calculated to mislead and prejudice the jury.

"(2) That his Honor erred in admitting and in refusing to strike out the testimony of the witness, Sims, to the effect that, as agent for an insurance company, he had taken plaintiff's application for life insurance, and had sent it to the local examiner, Dr. Rivers, for physical examination

of plaintiff, but that the application had been rejected by the doctor; the error being (a) that the testimony was hearsay; (b) the local examiner was not empowered to reject an application; (c) there was no competent testimony that such rejection was made as the result of any injury received by plaintiff in the collision."

These exceptions must be sustained.

1, 2  The Court, over objection, permitted respondent to testify that Dr. Rivers was the local examiner for an insurance company, and that the doctor had stated to respondent that, as a result of the collision, he could not recommend him for life insurance. This is the basis of the first exception.

It will be noted that Dr. Rivers did not testify, and that the statement attributed to him was entirely hearsay. The reason such evidence should be excluded is thus clearly stated in Ruling Case Law:

"The reason for this rule of exclusion is that hearsay is not subject to the ordinary tests required by law for ascertaining its truth, the author of the statements not being subject to cross examination in the presence of a Court of justice, and not speaking under the penal sanction of an oath, there being no opportunity to investigate his character and motives, and his deportment not being subject to observation. And the misconstruction to which such evidence is exposed, from the ignorance or inattention of the hearers, or from criminal motives, is a powerful additional objection."

A case from our own Court closely analogous in principle, but in which the testimony could much more logically have been admitted, has the following syllabus:

"In subcontractor's action against a contractor to recover for the construction of certain manholes and flush tanks in sewer system, where plaintiff had testified that his work was satisfactory to the city, a report of a city inspector was properly excluded as hearsay." *Jowers v. Dysard Const. Co.,* 113 S. C., 84; 100 S. E., 892.

The rule is so elementary, however, that citation of authority is clearly unnecessary. Many South Carolina cases affirming the doctrine will be found in *22 Corpus Juris,* at page 203. It is equally as clear that the testimony comes under none of the well-recognized exceptions to the hearsay rule.

The second exception complains of the admission of testimony of the insurance agent, Sims, to the effect that he had sent an application for insurance on the part of Jones to Dr. Rivers, the local examiner, and that such application had been rejected by Dr. Rivers. It appears from the testimony of this witness that Dr. Rivers told Sims that he would not make the examination. Sims admits that Dr. Rivers had no power to accept or reject an application for life insurance.

The testimony objected to was clearly hearsay. Dr. Rivers was not placed on the stand. No reason was given why Dr. Rivers did not examine Jones, but the natural inference is that it was on account of his physical condition, and that such condition resulted from the accident.

In view of the fact that the testimony in both instances was clearly hearsay, and did not come within the exceptions to the hearsay rules, it seems to us that the only question with which this Court will concern itself is as to its prejudicial effect. This question must be determined in the light of the doctrine announced in our decisions that:

"There is a legal presumption that incompetent testimony of some probative force upon a material issue of fact is prejudicial." *Powers v. Rawls,* 119 S. C., 159; 112 S. E., 87.

The case the Judge had in mind in admitting this testimony and upon which he based his ruling was *Smoak v. Martin,* 108 S. C., 472; 94 S. E., 869. He did not have the case before him, and the most casual reading will disclose its inapplicability. In the *Smoak case* an insurance agent was permitted to testify over objection that he had

examined Smoak's leg, which had been injured in an auto accident, and he knew from its condition that he could not obtain insurance. The differences are readily apparent. There the witness saw the injury, examined it, and it was such that even a layman could recognize its nature. In addition to that, the witness was an expert. The evidence was opinion evidence, and hearsay was not involved. In the case at bar, the witness does not pretend to speak of his own knowledge as to Jones' injury, but merely to repeat what a doctor had told him. Even in the *Smoak case* the Court was doubtful as to the admissibility of the testimony.

The admission of this testimony was erroneous, and highly prejudicial to the defendant, and there must be a new trial. The other exceptions are not considered. Judgment reversed, and new trial granted.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.