14504

HILDRITCH v. EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES

(191 S. E., 900)

 Sep-
tember, 1936. 

*Messrs. Osborne, Butler & Moore,* for appellant, cite:

Messrs. *Gantt, Brown & Greer,* for respondent, cite: 

June 17, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Walter L. Hildritch, as plaintiff, against the defendant, Equitable Life Assurance Society of the United States, was commenced in the County Court for Spartanburg County, January 8, 1936, for the purpose of obtaining judgment against the defendant in the sum of $1,000.00, claimed to be the amount due plaintiff by the defendant because of plaintiff's alleged total and permanent disability. The record discloses that on January 12, 1931, the defendant issued a certain group policy of insurance on the lives of a number of employees of Taylor-Colquitt Company, a corporation doing business in Spartanburg County, and an individual certificate dated January 12, 1931, in the face amount of $1,000.00, was issued to the plaintiff. The group policy contained provisions for certain benefits in the event the insured under one of the individual certificates became totally and permanently disabled within the life of the policy and before the employees became 60 years of age, and the plaintiff's action was for total and permanent disability benefit claimed to be due him under this group policy. By his complaint, he claimed to have become disabled on January 2, 1935. In its answer, the defendant admitted its corporate capacity and that it was engaged in the insurance business. It also admitted having issued the group policy in question and a certificate to the plaintiff in connection therewith. The remaining material allegations of the complaint the defendant denied. In its affirmative allegations the defendant alleged that the plaintiff had

become 60 years of age before the disability claimed by the plaintiff and claimed that proof of the alleged disability had not been given within the time prescribed by the policy.

The case was tried in said Court before his Honor, Judge Arnold R. Merchant, and a jury, November 11, 1936. Both parties offered evidence, and, at the conclusion of the case, the defendant made a motion for a directed verdict upon grounds appearing in the record, which motion was overruled and the cause submitted to the jury upon the charge of the trial Judge. The jury returned a verdict for the defendant, and in due time a motion for a new trial by the plaintiff was heard and argued, plaintiff contending that the Court had erred in the admission in evidence of certain exhibits and records offered by defendant. In passing upon this motion his Honor, the said County Judge, issued the following order:

"Upon hearing the motion for a new trial in the above-stated cause, and due consideration of the grounds and argument of counsel, I have concluded that the Court erred in admitting in evidence the records of an alleged marriage of the plaintiff in North Carolina, as well as the records of the Taylor-Colquitt Company. It appears that none of these records were signed by the plaintiff, Walter L. Hildritch, and in the present action they were hearsay testimony and were not admissible as evidence to bind the plaintiff. That to admit them was to deny the plaintiff the right of subjecting the testimony offered to the test of cross-examination, and they should not have been admitted under the authority of *Stack v. Prudential Insurance Company of America,* 173 S. C., 81, 174 S. E., page 911, and *Jowers v. Dysard Construction Company,* 113 S. C., 84, 100 S. E., 892.

"It is therefore ordered that the verdict in the above stated cause be set aside and that a new trial be granted."

From this order the defendant has duly appealed to this Court imputing error to the trial Judge under several ex-

ceptions, but states in the brief prepared for this Court that the issues involved are the following:

"1. Was it error, as a matter of law, justifying the granting of a new trial, to admit in evidence a certified copy of a marriage license issued by the Register of Deeds of Anson County, North Carolina, purporting to relate to respondent as one of the contracting parties?

"2. Was it error, as matter of law, justifying the granting of a new trial, to admit in evidence certain records kept by the Taylor-Colquitt Company, the group employer, relating to the plaintiff's insurance under the group contract?"

It is the contention of the plaintiff-respondent that the records referred to were not signed by the plaintiff and that, for that reason, they should not have been admitted in evidence over the objection of the plaintiff, and that the Court, in effect, committed reversible error in allowing the papers to be introduced. It is the further contention of the plaintiff-respondent that when a motion for a new trial was made by the plaintiff and the trial Judge thereafter reached the conclusion that he had fallen into error in allowing the records referred to to be introduced, it was proper for his Honor to set the verdict aside and grant a new trial. In this connection counsel for the plaintiff-respondent calls attention to his contention that there was no proof of his alleged marriage or that he was the party referred to in the marriage contract referred to. Counsel for plaintiff-respondent also contend that the exercise of this power by the trial Judge to grant a new trial is an inherent right, and that the power should be liberally construed. It is the position of counsel for plaintiff-respondent that the Judge properly exercised his power and that the order issued by the trial Judge should be affirmed by this Court.

As contended by counsel for the appellant, the marriage contract involved in this case evidently refers to the respondent as one of the contracting parties involved in the case. At least there is evidence tending to-

ward that conclusion. Whether the respondent is the party actually named therein is a jury question, and we think his Honor properly submitted that question, along with certain other questions, to the jury. As set forth in the record, the policy in question was issued February 9, 1931, but, as recited in the contract, its effective date was January 12, 1931. It is also clear that the group policy, as well as the individual certificate issued to the plaintiff, insured the plaintiff against total and permanent disability during the life of the policy, but to be of avail to the plaintiff his total and permanent disability had to occur before he reached the age of 60 years. Therefore, it was highly important to the plaintiff to show that he was not over the age of 60 years when he became totally and permanently disabled. For this reason, we can readily understand the fight that centered around the plaintiff's age. The plaintiff spent the greater part of his life in the State of North Carolina, was married in that state, and the certificate in question at the trial was issued by a regular recognized officer of that state. Therefore, the certificate had some bearing on the fight between the parties, especially on the question of age. When all the testimony in the case is considered in connection with the entire record, it is our opinion that the trial Judge properly submitted the issues to the jury, and the case having been properly submitted to the jury, we think his Honor was in error in granting a new trial upon the plaintiff's motion made after a verdict was rendered for the defendant.

With further reference to the certificate in question, issued in the State of North Carolina, a certified copy of which was produced on the trial, we call attention to the fact that the plaintiff, in substance, admitted the similarity of the name of the lady he married on that occasion with the lady named in the certificate, and that his name was the same as that named in the certificate. There was also testimony by the plaintiff, in substance, that he knew no other person by that name in that section of the

country from which he got his said wife. Did the license in question relate to the respondent? That, according to the trial Judge's ruling, was a question for the jury. In this connection we call attention to the fact that a bound volume of the North Carolina statutes was offered in evidence, at least that portion that had any bearing on the question involved, and the statute, referring to general provisions of the marriage law, in our opinion, not only did not forbid the introduction of the marriage certificate in question but rather supported its introduction. In this connection we call attention to the fact that, so far as the record discloses, no section of the statute referred to or any other statute was introduced or offered by either of the parties, requiring the license in question to be signed by the plaintiff herein. We think it was proper for the jury to consider that portion of the license referred to in connection with what the plaintiff testified to about his age. The jury saw the plaintiff in person and had an opportunity to observe him on the stand and weigh his testimony.

As to the question of introduction of records of Taylor-Colquitt Company, it appears to us from examination of the record in the case that the trial Judge, on the trial of the case, committed no error in this respect. Taylor-Colquitt Company had to necessarily keep the record of Hildritch and, not being able to write himself, Hildritch had to necessarily give the facts to the man in charge of the company's office and he had to rely on what Hildritch told him. When the case came up for trial, the man who made that record was dead and, necessarily, others had to testify as to what was written by the man who was now dead. The general transaction was shown and we fail to see in what respect the plaintiff was prejudiced by the testimony that was brought out as to this record.

In issuing the order for a new trial, the trial Judge calls attention to the case of *Stack v. Prudential Insurance Company of America,* 173 S. C., 81, 174 S. E., 911, and also to

the case of *Jowers v. Dysard Construction Company,* 113 S. C., 84, 100 S. E., 892. We agree with the contention of appellant that these cases are not controlling in the case at bar.

In our opinion, the Court properly, on the trial of the case, admitted in evidence the papers referred to, and which are now in question in the appeal. By this ruling, we think his Honor aided the parties in getting a fair trial and we can see no good reason for his Honor issuing an order later on reversing his ruling. According to our view, his Honor committed error in issuing the order for a new trial.

It is, therefore, the judgment of this Court that the order granting a new trial be and the same is hereby reversed, and that the case be remanded for entry of judgment for the defendant in accordance with the verdict of the jury.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.