WILLARD K. ROBERTSON *v.* DENNIS CEOLA

73-167                                          501 S.W. 2d 764

Opinion delivered December 10, 1973

*Croxton & Boyer,* for appellant.

*Davis, Reed & Douglas,* for appellee.

FRANK HOLT, Justice. Appellee sued appellant for breach of an oral contract for the purchase and installation of certain materials during the construction of appellant's

house. Appellee was awarded $5,000 by a jury. For reversal of the judgment appellant asserts the jury's award of damages was based upon speculation and conjecture. We must agree that appellee did not sufficiently prove his damages or loss of potential profits with reasonable certainty.

The proof of lost profits must be shown by evidence which makes it "reasonably certain" what the plaintiff would have made. *Farmers Cooperative Assn.* v. *Phillips*, 241 Ark. 28, 405 S.W. 2d 939 (1966), *Black* v. *Hogsett*, 145 Ark. 178, 224 S.W. 439 (1920). The plaintiff must produce a "reasonably complete set of figures, and not leave the jury to speculate as to whether there would have been any profits." *Sumlin* v. *Woodson*, 211 Ark. 214, 199 S.W. 2d 936 (1947). The proof must be sufficient to remove the question of profits from the realm of speculation and conjecture. *Reed* v. *Williams*, 247 Ark. 314, 445 S.W. 2d 90 (1969). The value of appellee's *own services* in completing the contract is a necessary element in computing the cost of performance. *Gibney* v. *Turner*, 52 Ark. 117, 12 S.W. 201 (1889). See also *Columbus Mining Co.* v. *Ross*, 218 Ky. 58, 290 S.W. 1052 (1927, and *Jowers* v. *Bysard Construction Co.*, 113 S.C. 84, 100 S.E. 892 (1919). In the case at bar, the defect in appellee's proof is his failure to offer evidence as to the value of his own services in the performance of the construction contract.

Lost profits, which are the basis for the award of damages here, are determined by the formula: contract price minus cost of performance equals profit. The profit in this case, a cost plus contract, rests upon 15% of certain materials purchased and whatever profit appellee would make on the $12 per hour labor for installation.

The actual labor cost consists of the cost of a tile setter and helper. The helper was to be paid at the rate of $2.75 per hour, leaving $9.25 per hour in labor cost. Appellee was to be the tile setter and there is no testimony as to what his hourly wage was worth. Without evidence as to the value of appellee's individual time, we have no way of ascertaining how much profit was to be made on the remaining $9.25 an hour of labor cost. Without that figure, damages are speculative.

Appellant next contends that appellee failed to prove a contract. The uncontradicted testimony of appellee (appellant did not testify) is that when he asked appellant if $12 per hour for labor plus 15% of the cost of certain materials would be satisfactory, appellant said "yes." Appellee also testified that when they completed their negotiations appellant said "[V]ery good, this is the way we will do the job." There was also an understanding as to the time and method of payment. A factual dispute as to the existence of a contract properly presents a question for the jury. *Bush* v. *Wofford*, 139 Ark. 330, 213 S.W. 751 (1919), *Honey* v. *Caldwell*, 35 Ark. 156 (1879). The evidence in the instant case was certainly sufficient to create a question of fact for the jury as to the existence of a contract.

Appellant next contends that the contract would be prohibited by the statute of frauds, Ark. Stat. Ann. § 38-101 (Repl. 1962), since it could not be performed within one year. However, there was evidence that by employing additional help, appellee could have completed the job in six months. Since the contract was capable of performance within one year, it was not prohibited by the statute of frauds. *Frieder* v. *Schleuter*, 105 Ark. 580, 151 S.W. 696 (1912).

Appellant next cites Ark. Stat. Ann. § 85-2-201 (Add. 1961) which renders unenforceable an agreement for sale of goods in excess of $500 absent some writing. The cost of the materials appellee was to furnish exceeded $15,000. § 85-2-201 deals with the "sale of goods" and is inapplicable to personal service contracts. Even though it be said that the material appellee was to purchase and furnished constitutes goods within the definition of § 85-2-105 and part of appellee's profit is to be gained on cost plus 15% on the material, nevertheless, the essence of the agreement is a service contract for appellee to install tile in appellant's home. Unless the principal object of the agreement is for sale of goods, then § 85-2-201 is inapplicable. See *Huyler Paper Stock Co.* v. *Information Supplier Corp.*, 117 N.J. Super. 353, 284 A. 2d 568 (1971).

Appellant's final contention for a directed verdict is that "the damages alleged by the appellee could not

have been in contemplation of the parties at the time the contract was made, or that such damages were the proximate result of appellant's wrongs." This contention is meritless. In the case at bar, loss of profits is naturally the proximate result of a breach of contract. Appellee's loss of profits is also the type of a foreseeable loss that would be within the reasonable contemplation of the parties at the making of the contract.

Reversed and remanded.