**Tony PRINCE, d/b/a/ Tony Prince Carpet Co., Appellant,**

v.

**SPIRE CORPORATION, Respondent.**

**No. 39303.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 29, 1979.

Lawrence O. Willbrand, St. Louis, for appellant.

Daniel Hapke, Jr., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

In plaintiff's suit for damages for an alleged breach of an oral contract, the trial court entered summary judgment for defendant and plaintiff has appealed. We reverse and remand.

Plaintiff alleged that it is engaged in the business of installing carpeting, and that on or about the 14th day of July 1976, the "defendant informed [plaintiff] orally that plaintiff's written bid in response to defendant's written specifications had been accepted and that a contract was in existence wherein defendant agreed to pay plaintiff the sum of $112,649.55 for the work and labor required for the installation of carpeting in the Sheraton St. Louis Hotel," but that "thereafter the defendant attempted to change certain provisions of said contract to which plaintiff refused and defendant then manifested an intention to contract with another for the aforementioned and indicated that defendant now takes the position that there never was a contract," and plaintiff was thereby damaged in the amount of $16,897.42.

Defendant filed a motion for summary judgment on the theories that (1) plaintiff alleged the existence of an oral contract, but "any and all contact which Plaintiff has had with Defendant in connection with the facts alleged in Plaintiff's Petition has been with Marvin L. Sokolik," who, defendant alleged, was "an employee of Sverdrup & Parcel and Associates, Inc.," and who is "neither an employee nor an officer" of defendant "and has no authority, real or apparent, to enter into a subcontract on behalf of [defendant]," and (2) the action is barred by the Statute of Frauds.

In support of its motion for summary judgment defendant filed affidavits of Marvin L. Sokolik, Shelby Pruett, Jr. and Clarence Deal. In the affidavit of Sokolik he stated, primarily in the form of legal conclusions, that he was not and never had been an employee of defendant but was an employee of Sverdrup & Parcel and Associates, Inc. He also stated that the value of the carpet padding alone was $25,000 and that the completion of the laying of the carpet and padding could not be completed prior to September 15, 1977. In the affidavit of Pruett, defendant's vice-president, he stated that none of defendant's employees had any contact with plaintiff and that Sokolik had never been an officer or employee of defendant and was not authorized to enter into a subcontract on behalf of defendant. In his affidavit Mr. Deal stated that the building would not be available for the laying of carpet before June 1, 1977, and the carpet-laying operation would require three to three and one-half months.

In opposition to defendant's motion for summary judgment plaintiff filed an affidavit in which he stated by way of conclusion that he negotiated a contract with Sokolik who was acting as agent for defendant, and that the contract was for services only; that defendant authorized and ratified such negotiations; that the contract was in writing and the only element not in writing was defendant's signature; and that the contract could well have been completed within one year.

Defendant then filed an affidavit to which there was attached the invitation to bid and plaintiff's written bid.

The trial court sustained defendant's motion for summary judgment. No findings of fact or conclusions of law were made and none was requested.

■ Summary judgment is authorized where, but only where, the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 74.04(c). In addition, it is provided in Rule 74.04(h) that "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." As stated in Cooper v. Finke, 376 S.W.2d 225, 299 (Mo.1964), "a summary judgment is an extreme and drastic remedy and great care should be exercised in utilizing the procedure." In addition, an appellate court must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. E. O. Dorsch Electric Co. v. Plaza Construction Co., 413 S.W.2d 167 (Mo.1967).

■ In this case it is asserted in defendant's affidavits that Sokolik was not and never had been an officer or employee of defendant, and that he was not authorized to enter into a subcontract with plaintiff on behalf of defendant. These assertions are in the form of conclusions of law, and do not constitute a statement of "such facts as would be admissible in evidence * * *." Rule 74.04(e). We recognize that it frequently is difficult to state facts to establish a negative, but it is the rule that "conclusions of law in affidavits are of no effect and are not sufficient to sustain a motion for summary judgment." Stoffel v. Mayfair-Lennox Hotels, Inc., 387 S.W.2d 188, 192 (Mo.App.1965).

When we turn to the items attached to plaintiff's affidavit in opposition to the motion for summary judgment we find in let-

ter form an "Invitation to Bid" covering "Carpet Padding & Installation" sent to plaintiff and signed "Spire Corporation by Marvin L. Sokolik." There also is a letter to plaintiff transmitting copies of the proposed "Subcontractor's Agreement between Spire Corporation and Tony Prince Carpet Co." which is signed "Spire Corporation Marvin Sokolik." We also find that "Addendum No. 1," to the specifications pertaining to "Carpet Padding & Installation" was signed by Sokolik on behalf of defendant. We express no opinion as to whether Sokolik was authorized to enter, and if so whether he did enter, into a contract with plaintiff on behalf of defendant. But in view of these documents he did act as defendant's agent for at least some purposes, and it cannot be said from what is before us in this proceeding that, as a matter of law, the affidavits and the supporting material submitted by defendant constitute "unassailable proof" that Sokolik was not authorized to and did not enter into an oral contract with plaintiff as alleged in the petition.

■ In reference to defendant's contention that this action is barred by the Statute of Frauds, plaintiff alleges that his "written bid" was orally accepted by Sokolik as agent for defendant. A copy of that written bid was attached to an affidavit by defendant and among other items it contains the following:

> "We propose to furnish all labor and materials necessary to install carpet and pad in above mentioned project. Carpet, pad and tackless strip to be installed in guest rooms, corridors and all public areas as per plans and manufacturers specifications.
>
> 20,932 sq. yds. carpet in guest rooms: unit price $2.35 sq. yd.
>
> Total $49,109.20
>
> 11,327 sq. yds. carpet in corridors and public areas: unit price $3.50 sq. yd.
>
> Total $39,644.50
>
> We propose to furnish pad as specified: ⅜" Bonded Urethane Foam Cushion. Class One F.H.A.
>
> 30,490 sq. yds. unit price 76.5
>
> Total $23,324.85"

Defendant argues that this constituted a provision for the sale of $23,814.85 worth of carpet padding and therefore plaintiff's action is based on an oral contract for the sale of goods for the price of more than $500 and therefore is barred by § 400.2–201, RSMo 1969. Plaintiff asserts that the subject matter of the agreement was the installation of carpeting, and it was incidental to the contract that he was to furnish the padding and other necessary items.

In *Robertson v. Ceola*, 255 Ark. 703, 501 S.W.2d 764, 766 (1973), a suit was brought for damage for the loss of profits resulting from the breach of an oral contract pertaining to the laying of tile. The cost of the materials plaintiff was to furnish exceeded $15,000, and the defendant contended the agreement was unenforceable under a provision of the statutes comparable to our § 400.2–201. The court held: "Even though it be said that the material [plaintiff] was to purchase and furnish constitutes goods within the definition of [our § 400.2–201] and part of [plaintiff's] profit is to be gained on cost plus 15% on the material, nevertheless, the essence of the agreement is a service contract for [plaintiff] to install tile in [defendant's] home. Unless the principal object of the agreement is for sale of goods, then [our § 400.2–201] is inapplicable." We cannot say from the record before us that as a matter of law the essence of the oral contract in this case was not a service contract. That must be determined from a consideration of all material and relevant factors including the precise work to be done and the customs and usages in the industry. It is an issue of fact not subject to being resolved on the record before us by use of the summary judgment procedure.

■ Defendant next asserts that this action on the oral contract is barred because the "agreement contained a one year service period commencing after completion of installation," and therefore the contract could not be performed in one year.

If we have correctly determined the terms of the alleged oral agreement, it has

no provision that makes performance in one year impossible. We cannot determine with certainty when the alleged oral contract was made, but plaintiff alleged that an oral acceptance of his written bid was made on or about July 14, 1976. Defendant attached to an affidavit a statement by the construction contractor to the effect that the building would not be available for carpeting before June 1, 1977 and that the installation would require 3½ months. This, of course, is only an estimate, and does not constitute "unassailable proof" of the fact.

Defendant relies primarily on what it asserts is a "one year service" period. We do not agree with that classification. The provision referred to provides that plaintiff "guarantees and warrants" "all labor, material and/or equipment" for a period of one year after the work is completed to be free of any and all defects, but it is only "upon notice of any defect" that any work or labor is required on the part of plaintiff. Therefore, if no defect develops within the specified time after completion of the work under the contract, nothing is required on the part of plaintiff.

It has long been the rule that "'An agreement which may, perchance, be performed within a year from its date, consistently with its terms and not in violation of them, is not within the statute [of frauds] although the performance is liable to occupy more than a year; such as a contract to support one for life, or during an indefinite period, or to work for another for life or for an indefinite period, or to do any other thing possible to be done within a year although the doing of it may continue, and may be expected to continue longer.'" *Carlin v. Bacon*, 322 Mo. 435, 16 S.W.2d 46, 48 (1929). See also *Koman v. Morrissey*, 517 S.W.2d 929 (Mo.1974); *McGuire v. Hutchison*, 240 Mo.App. 504, 210 S.W.2d 521 (1948); *Fein v. Schwartz*, 404 S.W.2d 210 (Mo.App.1966); *Want v. Century Supply Company*, 508 S.W.2d 515 (Mo.App.1974).

We conclude that there do exist genuine issues of material fact and that summary judgment was improperly entered in this case.

The judgment is reversed and the cause remanded.

DOWD, P. J., and SNYDER, J., concur.