**Joyce A. WATERHOUT, Appellant,**

v.

**ASSOCIATED DRY GOODS, INC.,
d/b/a Stix, Baer & Fuller,
Appellee.**

No. 86–2499.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 28, 1987.

Decided Dec. 21, 1987.

Frank J. Niesen, Jr., St. Louis, Mo., for appellant.

Jeffrey L. Cramer, St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Plaintiff Joyce A. Waterhout appeals from the District Court's grant of summary judgment for defendant Associated Dry Goods, Inc., d/b/a Stix, Baer & Fuller (Stix). We reverse.

Waterhout filed this diversity action to recover for injuries sustained when she fell from a delivery truck allegedly owned and operated by Stix. Waterhout commenced discovery and Stix filed a motion for summary judgment on the basis that the individuals delivering the furniture were employees of an independent contractor, Metropolitan Contract Services, Inc. (Metro), and hence were not agents of Stix.

In support of its motion, Stix filed a copy of the contract governing the performance of delivery services by Metro for Stix, an affidavit of a Stix division head, and an affidavit of one of the individuals delivering the furniture at the time of Waterhout's injury. Waterhout's previously filed discovery requests remained unanswered. In response, Waterhout filed a motion to strike portions of Stix's affidavits under Fed.R.Civ.P. 56(e) including objections to the admissibility of an unauthenticated copy of the contract covering the period prior to the occurrence of Waterhout's injury. Waterhout also filed a memorandum in opposition to the summary judgment motion, including a request for a continuance to complete discovery. Stix filed a response in opposition to the motion to strike.

The District Court dismissed Waterhout's motion to strike and admitted the contract into evidence. After reviewing the contract the court found: (1) that Stix exercised no control over the manner in which the deliveries were to be performed; (2) that Metro maintained supervisory control over its employees, provided the necessary equipment, arranged the details of the performance, and billed Stix weekly for the actual work performed; and (3) that the parties clearly intended that the relationship be that of employer/independent contractor. Although the District Court's memorandum indicates that it considered the affidavits, the court concluded that the contract provided an adequate basis for finding that Metro was an independent contractor as a matter of law.

Waterhout raises three issues on appeal. First, she contends that the court erred in failing to strike portions of the affidavits that contained inadmissible legal conclusions, and in admitting the contract into evidence. Second, she argues that the contract admits of differing interpretations and therefore fails to show as a matter of law that Metro was acting as an independent contractor at the time of the delivery. Third, Waterhout argues that the court erred in failing to exercise its authority under Federal Rule Civ.P. 56(f) to grant her a continuance. Because we agree that the contract does not establish Metro's independent contractor status as a matter of law, we need not address Waterhout's other issues.

A reviewing court should sustain a grant of summary judgment only when there is no genuine issue of material fact to be decided and the movant is entitled to judgment as a matter of law. *See United States ex rel. Small Business Admin. v. Light,* 766 F.2d 394, 396 (8th Cir.1985) (per

curiam). In deciding whether an agency exists, it is necessary to review the facts and circumstances surrounding the purported agent's activities to determine whether the purported principal exerts the requisite control over the purported agent so as to create an agency relationship. *See Northern v. McGraw–Edison Co.*, 542 F.2d 1336, 1343 (8th Cir.1976), *cert. denied*, 429 U.S. 1097, 97 S.Ct. 1115, 51 L.Ed.2d 544 (1977). Normally the existence or nonexistence of a principal-agent relationship is a fact question left to the trier of fact. *See Jordan v. Robert Half Personnel Agencies, Inc.*, 615 S.W.2d 574, 582 (Mo.Ct.App. 1981).[1] It is only where the facts are not in dispute and there is no real issue for the jury to resolve that the trial court should rule on the agency issue as a matter of law. *See Baker v. St. Paul Fire & Marine Ins. Co.*, 427 S.W.2d 281, 293 (Mo.Ct.App. 1968). After reviewing the record in this case, we are compelled to conclude that summary judgment was not warranted.

■ In determining whether Metro was acting as an agent or as an independent contractor, the District Court focused on the level of control exerted by Stix over Metro as indicated by the terms of the contract. However, in concluding that Stix exercised no control over the manner of deliveries, the court overlooked a number of relevant contract provisions. The contract terms state that Stix had the right to control when and where Metro was to pick up the items to be delivered and exercised joint control over selecting the delivery routes, ¶ 2(b). Stix controlled the painting of the delivery vehicles and instructed that they carry Stix's name and logo, ¶ 2(d). Stix provided the billing forms which Metro was required to submit to Stix weekly, ¶ 3. Stix agreed to use a minimum number of vehicles for eight hours a day, five days a week, ¶ 4. Metro collected C.O.D. charges from customers at Stix's request, ¶ 5. Stix

instructed Metro when to uncarton, assemble, position, plug in, test, or pick up returned, repossessed, and trade-in goods, ¶ 6. Finally, although paragraph 2(d) indicates that the equipment belonged to Metro, other portions of paragraphs 2(d) and 11 indicate that Stix exercised some control over the types of trucks chosen for delivery, and possessed the right to request that Metro dispose of the trucks upon termination of the agreement.

In ruling on a motion for summary judgment, the court must give the nonmovant the benefit of every favorable inference that can be drawn from the evidence. *See Chauffeurs, Teamsters and Helpers, Local 238 v. C.R.S.T., Inc.*, 795 F.2d 1400, 1402 (8th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986). From the contract provisions referred to above, it could be inferred that Stix sufficiently controlled the manner in which Metro performed deliveries to make Metro an agent of Stix. In these circumstances, it is for the trier of fact, and not for the trial judge on a summary judgment motion, to decide whether such an inference should be drawn.[2]

■ It appears that the District Court may have unduly weighted the contract provisions indicating an intent to give Metro independent contractor status. What the parties wished to create is not always determinative of their true legal relationship. If the surrounding facts evidence an agency relationship, however artfully disguised, the parties cannot escape the consequences by representing that it is something else. *See McGraw–Edison*, 542 F.2d at 1343 n. 7. Similarly, Stix's affidavits to the effect that Stix had no right to control Metro employees and that the employees were employed solely by Metro and not as agents of Stix state only conclusions of law, and are not sufficient to sustain a

---

1. The parties appear to agree that Missouri law controls, a proposition of which there can be little doubt.

2. In a similar case the Missouri Supreme Court concluded that if: (1) a corporate defendant lacked control over the way a delivery truck was driven, but could direct the driver as to

which routes to travel; and (2) the driver was paid per trip, but guaranteed a minimum amount of pay weekly, the issue of agency should have been submitted to the jury. *Hooper v. Conrad*, 364 Mo. 176, 260 S.W.2d 496, 498–501 (1953).

motion for summary judgment. *See, e.g., Prince v. Spire Corp.*, 584 S.W.2d 108, 110 (Mo.Ct.App.1979).

Viewing the record in a light most favorable to the non-moving party and giving the nonmovant the benefit of every favorable inference that can be drawn from the evidence, we do not believe that Stix has established its entitlement to summary judgment as a matter of law. Accordingly, we reverse the order granting Stix's motion for summary judgment and remand the case to the District Court for the completion of discovery and trial.