Ivan SPENCER, Appellant,

v.

KROGER COMPANY, Appellee.

No. 90–1508.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1990.

Decided Aug. 12, 1991.

Ira M. Young, St. Louis, Mo., argued, for appellant; Ira M. Young and Victor B. Thompson, on the brief.

John P. Cunningham, St. Louis, Mo., argued, for appellee; James E. Whaley and John P. Cunningham, on the brief.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS,* Senior District Judge.

McMILLIAN, Circuit Judge.

Ivan Spencer appeals from a final judgment entered in the United States District Court for the Eastern District of Missouri, granting summary judgment in favor of Kroger Company ("Kroger"). *Spencer v. Kroger Co.*, No. 88–1973 C (5) (E.D.Mo. Feb. 6, 1990). For reversal, Spencer argues that the district court erred in determining that Kroger lacked constructive notice of the hazard that caused his fall, as a matter of law, because of a lack of evidence as to the length of time the hazard was present in Kroger's store. Spencer also claims that the district court erred in concluding that Kroger lacked actual notice of the hazard because the cleaning company, which created the hazard, was an independent contractor, rather than its agent. For the reasons discussed below, we reverse the judgment of the district court and remand the case to the district court for proceedings consistent with this decision.

## I.

This is a textbook slip and fall case. On June 3, 1986, Spencer entered Kroger's store at 1605 South Jefferson, St. Louis, Missouri, at approximately 3:00 a.m. to purchase some food. Spencer slipped and fell on some cleaning solution that had accumulated on the floor. On September 13, 1988, Spencer filed suit against Kroger for personal injuries suffered as a result of his fall. On October 11, 1988, Kroger removed the case to the United States District Court for the Eastern District of Missouri under diversity jurisdiction.

During deposition, Spencer testified that the floor cleaning machine ("scrubber")

* The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas, sitting by designation.

was located in the next aisle from the one in which he fell, and that it was not visible from the location of his fall. Kroger's store manager testified in deposition, however, that the scrubber was located only fifteen to twenty feet away from the place where Spencer fell, and in plain view. Spencer also testified that the liquid solution had spread across two aisles, while the store manager claimed that the floor was dry where Spencer fell. Although Kroger alleges that the scrubber was operated by an independent cleaning company, Spencer claims that Kroger has failed to identify the company, despite his requests through supplemental interrogatories.

On June 28, 1989, following pleadings and discovery, Kroger moved for summary judgment. On February 6, 1990, the district court granted Kroger's motion for summary judgment on the grounds that Spencer failed to adduce evidence of actual or constructive notice of the cleaning solution on the part of Kroger, and that Kroger was not liable, as a matter of law, for the negligence of its independent cleaning contractor. On February 16, 1990, Spencer filed a motion to alter or amend the judgment, which was denied on March 8, 1990. This appeal followed.

## II.

Although there are two specific issues on appeal, Spencer ultimately argues that the district court erred in granting Kroger's motion for summary judgment because there are genuine issues of material fact, which must be decided by a jury. Summary judgment is appropriate only when the district court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In addition, a motion for summary judgment must be viewed in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferenc-

es to be drawn from the underlying facts. *Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). Finally, we note that, in diversity cases such as the instant action, we review the district court's conclusions of law, including the granting of summary judgment, de novo. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

## A.   Constructive Notice

■  Spencer argues that the district court erred in concluding that, as an essential element of his claim, he must establish that the hazardous condition (cleaning solution) had existed for a "sufficient length of time" to constitute constructive notice to Kroger. Spencer claims that, while this accurately states the "old" law in Missouri,[1] the Missouri Supreme Court recently held that a plaintiff can make a submissible slip and fall case against a store owner without showing that the danger existed for a certain length of time. *Sheil v. T.G. & Y. Stores Co.*, 781 S.W.2d 778 (Mo.1989) (banc) (*Sheil*). We agree.

In *Sheil*, the Missouri Supreme Court held that a box left in the aisle of a convenience store constituted a dangerous foreseeable condition, and that a jury could find from this evidence that the store owner breached his duty of due care. *Id.* at 781. The court noted:

> Past cases have placed great emphasis on the length of time the dangerous item has been in the area in which the injury occurs.... *By our holding, the precise time will not be so important a factor.* More important will be the method of merchandising and the nature of the article causing the injury.

*Id.* (emphasis added). The Missouri Supreme Court emphasized the importance of the fact that the store in question was a self-service type store in which customers and others not in the store's employ handled merchandise that, when misplaced, presented potential hazards to invitees. It noted that " 'the modern merchandising method of self-service poses a considerably

---

1.  *See Ward v. Temple Stephens Co.*, 418 S.W.2d 935, 938 (Mo.1967); *Adams v. National Super*   *Markets, Inc.*, 760 S.W.2d 139, 141 (Mo.Ct.App. 1988).

different situation than the older method of individual clerk assistance. It is much more likely that items for sale and other foreign substances will fall to the floor.' " *Id.* (quoting *Ciminski v. Finn Corp.*, 13 Wash.App. 815, 537 P.2d 850, 853 (1975) (*Ciminski*)).

In a companion case to *Sheil*, the Missouri Supreme Court reiterated its rejection of a rigid "length of time" rule, stating that "these [time] periods may not be so important as they once were, especially if the evidence shows that employees of the store were regularly in the area in which the accident occurred." *Moss v. National Super Markets, Inc.*, 781 S.W.2d 784, 785–86 (Mo.1989) (banc) (*Moss*). In *Moss*, the plaintiff slipped on some green liquid, which was spread over a portion of the store's parking lot. The court noted that *Moss* differed from *Sheil* in two respects. "The accident did not occur inside a self-service store, and there is no showing that the slippery substance consisted of merchandise handled by the store." *Id.* at 785. Despite these differences, the *Moss* court indicated that the plaintiff could make a submissible case, without evidence as to the length of time the substance was on the parking lot, if there were evidence of the defendant's method of operation, which indicated that the store's employees had had opportunity to observe the hazard. Because the record was devoid of such evidence, the Missouri Supreme Court remanded the case for a new trial "so as to permit the plaintiff to offer evidence about the occasion for store employees to go onto the parking lot." *Id.* at 786.

Kroger argues that the *Sheil* decision is inapplicable to the instant case because its holding is limited to factual situations in which a dangerous condition is caused by a product that is sold by the store. In support of its argument, Kroger points to language in the *Sheil* opinion, in which the court noted the additional dangers present in self-service stores due to the fact that customers handle merchandise and assume part of the work previously performed by store employees. "The store owner necessarily knows that customers may take merchandise into their hands and may then lay articles that no longer interest them down in the aisles. . . . [and] therefore, must anticipate and must exercise care to guard against dangers from articles left in the aisle." *Sheil*, 781 S.W.2d at 780.

Kroger also argues that, in *Moss*, the Missouri Supreme Court recognized the distinction between a fall caused by a product of the store and a fall involving an article (or substance) not sold by the store. Kroger claims, in addition to the distinctions noted by the court, that *Moss* differs from *Sheil* in that the court merely remanded the case for a new trial in order to determine whether there was evidence that the hazard was within the control of the defendant. Kroger concludes that in cases where the cause of the dangerous condition was outside the control of the store, as in the instant case, proof of constructive notice by evidence showing that the hazard existed *for a sufficient time is still required* under Missouri law. We disagree.

We believe that neither *Sheil* nor *Moss* indicates that the Missouri Supreme Court intended to limit its holdings in the manner suggested by Kroger. It appears to us that, in light of *Sheil*, the Missouri courts no longer strictly adhere to the "length of time" rule for proof of constructive notice, whether the hazard results from a product of the store or some other device or condition. Instead, the *Sheil* decision indicates that " '[i]n choosing a self-service method of providing items, [the owner] is charged with the knowledge of the foreseeable risks inherent in such a mode of operation.' " 781 S.W.2d at 781 (quoting *Ciminski*, 537 P.2d at 853). Foreseeable risks extend beyond a given store's products.

Kroger's limited interpretation of *Sheil* is also controverted by the fact that the Missouri Supreme Court adopted the Restatement (Second) of Torts analysis of the duty of care with respect to the safety of premises, which states:

"To the invitee the possessor owes . . . the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor, or at least to ascertain the condition of the land, and to give such warning that

the visitor may decide intelligently whether or not to accept the invitation, or may protect himself [or herself] against the danger if he [or she] does accept it."

*Sheil,* 781 S.W.2d at 782 (quoting Restatement (Second) of Torts § 343 comment b (1965)). The *Sheil* decision also indicates that " 'one entering a store, theatre, office building, or hotel, is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors.' " *Sheil,* 781 S.W.2d at 782 (quoting Restatement (Second) of Torts § 343 comment e).

▇▇ Thus, the liability of a store owner with respect to a slip and fall case is predicated on the foreseeability of the risk and the reasonableness of the care extended toward business invitees, which, in Missouri, is now a question of fact to be determined by the totality of the circumstances, including the nature of the business and the methods of its operations. As the Missouri Supreme Court noted: " 'It is axiomatic that a property owner or occupier is required to use reasonable care toward ... business invitees. What is reasonable depends on the nature and the circumstances surrounding the business conducted.' " *Sheil,* 781 S.W.2d at 781 (quoting *Ciminski,* 537 P.2d at 853); *see also Sheil,* 781 S.W.2d at 782 ("plaintiff's right of recovery is dependent on the jury's finding that the defendant 'failed to use ordinary care' ").

▇▇ Finally, Kroger argues that, even if the notice requirement was eliminated in slip and fall cases in Missouri, Spencer is precluded from recovery because the scrubber was operated by an independent contractor. Kroger notes that, under Missouri law, a landowner is not liable for injury caused by the negligence of its independent contractor, with certain exceptions not present in the instant case. *See Hofstetter v. Union Electric Co.,* 724 S.W.2d 527 (Mo. Ct.App.1986).

Assuming the accuracy of its contention that the cleaning company was an independent contractor, Kroger's appeal to the general rule of limited liability for the negligence of independent contractors is misplaced. Kroger's liability, if any, is not predicated on its relationship with the cleaning company, but rather, whether it breached its duty to use reasonable care to protect its invitees from foreseeable hazards on its premises, regardless of the hazard's source or cause. We see no significant difference between a customer, who assumes some of the work of the store clerk in handling merchandise in a self-service store, and an independent contractor, who assumes some of the work of the store clerk in cleaning the store.[2] The issue in the instant case is whether Kroger's method of operation, as well as the totality of other circumstances, was such that the presence of the solution, which apparently leaked from the scrubber, was reasonably foreseeable. Because of the *Sheil* holding, this is now a jury question in Missouri, which is not dependent upon evidence that the cleaning solution was present on the floor for a certain length of time.

**B. Issues of Material Fact**

▇▇ In addition to the question of constructive notice, Spencer argues that the district court erred in entering summary judgment in favor of Kroger because there are other issues of material fact, which require adjudication by jury. These include: (1) whether the cleaning company was an independent contractor, (2) the exact location of the scrubber at the time of his fall, and (3) whether there was any solution on the floor in the aisle where he fell. Because we anticipate the possibility that these issues may be raised before the district court on remand, we address them in turn.

Spencer argues that the district court erred in concluding that the cleaning company was an independent contractor, as a

---

**2.** We note that Kroger admitted, through interrogatories, that its own employees periodically swept the floors of the store.

matter of law, because Kroger's only evidence consisted of the deposed testimony of its head grocery clerk, which is insufficient to support summary judgment. We agree.

Under facts analogous to the instant case, this court reversed the grant of summary judgment, which was based upon the district court's determination that the defendant's delivery company was an independent contractor as a matter of law. *Waterhout v. Associated Dry Goods, Inc.*, 835 F.2d 718 (8th Cir.1987) (*Waterhout*). In *Waterhout*, the plaintiff sued a department store for injuries she received as a result of a fall from a delivery truck allegedly owned and operated by the store. The defendant moved for summary judgment, claiming that the delivery company was an independent contractor, and supported its motion with a copy of the contract governing its relationship with the delivery company, an affidavit of the defendant's division head, and an affidavit of one of the delivery persons present at the time of the plaintiff's fall. The plaintiff resisted summary judgment, claiming, among other things, that previously filed discovery requests remained unanswered, and the plaintiff requested a continuance to complete discovery.

While the district court indicated that it had considered the affidavits, it concluded that the contract provided an adequate basis for finding that the delivery company was an independent contractor as a matter of law. In reversing the judgment of the district court, this court noted: "Normally the existence or nonexistence of a principal-agent relationship is a fact question left to the trier of fact." *Waterhout*, 835 F.2d at 720 (citing *Jordan v. Robert Half Personnel Agencies, Inc.*, 615 S.W.2d 574, 582 (Mo.Ct.App.1981)). In addition, although the district court based its judgment primarily on its interpretation of the delivery contract, this court also concluded that

> [the defendant's] affidavits to the effect that [the defendant] had no right to control [the delivery company's] employees and that the employees were employed solely by [it] and not as agents of [the defendant] state only conclusions of law,

and are not sufficient to sustain a motion for summary judgment.

*Waterhout*, 835 F.2d at 720–21 (citing *Prince v. Spire Corp.*, 584 S.W.2d 108, 110 (Mo.Ct.App.1979)).

In the instant case, there is even less evidence to support a conclusion that the cleaning company was an independent contractor as a matter of law. The only evidence consisted of the deposition testimony of Kroger's head grocery clerk to the effect that the cleaning company operated the scrubber the night Spencer fell, that the clerk did not supervise the cleaning company's work, that the cleaning company used no Kroger employees, and that Kroger employees never operated the scrubber. In light of *Waterhout*, this testimony is insufficient to support summary judgment on the issue of the legal relationship between Kroger and the cleaning company.

Kroger's contention that Spencer offered no evidence to contest its claim that the cleaning company was an independent contractor does not alter our holding here. We note that Kroger has failed to provide Spencer with the name of the cleaning company, despite his efforts to obtain the information through supplemental interrogatories. Although Kroger claimed during oral argument that it is unable to provide the name of the cleaning company due, in part, to the closing of the store in question, its failure to provide such crucial information certainly militates against the granting of summary judgment on this issue. "Relative availability of evidence to the parties is a circumstance to be considered in determining what should be required for making a submissible case." *Sheil*, 781 S.W.2d at 782.

Finally, with respect to the location of the scrubber and the existence of the cleaning solution, there is conflicting testimony, which precludes summary judgment. Although Kroger argues that these issues of fact are not material because they have no bearing on the issue of actual or constructive notice, which formed the basis of the district court's summary judgment, our

holding in the instant case disposes of this argument. In essence, because we hold that Spencer need not present evidence of the length of time the cleaning solution was present on the floor, the location and visibility of the scrubber, as well as the cleaning solution, is material to determining whether Kroger breached its duty to use reasonable care to protect Spencer from the spilled cleaning solution.

### III.

In sum, we hold that the district court erred in granting summary judgment in favor of Kroger on the issue of constructive notice because Missouri courts no longer adhere to the "length of time" rule for slip and fall cases. In addition, we hold that there are genuine issues of material fact, which require adjudication by jury. These issues include: whether the cleaning company was an independent contractor, the location of the scrubber at the time of Spencer's fall, and whether there was any cleaning solution on the floor in the aisle where he fell.

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court for proceedings consistent with this decision.