982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael O'CONNOR, Appellant,
v.
AMERICAN CYANAMID COMPANY, a corporation, Appellee.
 No. 91-3496.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1992.
Filed: January 6, 1993.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael O'Connor appeals from the district court's[1] grant of summary judgment to American Cyanamid Company (ACC) in this diversity action. We affirm.
 
 
 2
 O'Connor applied Scepter brand herbicide to his fields in 1988. Although his 1988 soybean crop was not affected, O'Connor alleged that his 1989 rotation corn crop was damaged by the carryover effect of the 1988 application. O'Connor sought compensation from ACC. ACC offered O'Connor the option of electing a pre-harvest payment based on estimates derived from aerial infrared photography or a post-harvest payment based on actual yield reduction. O'Connor and ACC entered into a settlement agreement; on September 15, 1989, O'Connor signed a release of liability and opted to receive a pre-harvest lump sum payment of $8,778.
 
 
 3
 After the harvest began, O'Connor decided that the damage projections ACC had used in determining the settlement amount had underestimated the actual extent of the damage. By letter to ACC dated October 18, 1989, O'Connor attempted to revoke the pre-harvest settlement option and to elect the post-harvest option. On November 3, 1989, ACC sent O'Connor a check for the pre-harvest amount; O'Connor did not cash the check. O'Connor then brought an action in state court based on strict liability and breaches of express and implied warranties. ACC removed the case to federal court. After filing its answer, ACC moved to amend the answer to include the defense of release and compromise, based on the release signed by O'Connor.
 
 
 4
 The district court granted the motion to amend the answer and granted summary judgment to ACC. The court held that the release signed by O'Connor protected ACC against all claims despite the severity of the damage. The district court reasoned that the severity was merely an unexpected consequence of the known carryover damage. The court also rejected O'Connor's claim that he had rescinded the release under South Dakota law, finding that he had not alleged fraud, mistake, duress, or undue influence in his complaint (elements which the statute requires), and had not shown a failure of consideration.
 
 
 5
 In diversity cases, this court reviews the district court's conclusions of law, including its grant of summary judgment, de novo. See Spencer v. Kroger Co., 941 F.2d 699, 701 (8th Cir. 1991). We conclude that the district court properly granted summary judgment to ACC.
 
 
 6
 O'Connor argues that the release was invalid because it was signed only by an ACC sales representative and not approved by supervisors as required on its face. We conclude that this argument is not properly before us; the district court did not address this argument, and because O'Connor has failed to include the motion for summary judgment or accompanying documents in the joint appendix, we cannot determine whether this issue was raised below. We therefore decline to address this issue of state law. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). Further, since the summary judgment papers are not before us, we cannot tell if O'Connor offered sufficient proof of fraud to survive the summary judgment motion.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota