# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2154

_____

| | |
|---|---|
| Lincoln Benefit Life Company, a Nebraska Domestic Insurance Corporation, | * <br> * <br> * |
| | *   Appeal from the United States |
| Plaintiff - Appellant, | *   District Court for the |
| | *   District of Nebraska. |
| v. | * |
| | * |
| Robert R. Edwards, | * |
| | * |
| Defendant - Appellee. | |

_____

Submitted: November 19, 1997
Filed: July 7, 1998

_____

Before BEAM, HEANEY and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Lincoln Benefit Life filed a declaratory judgment in Nebraska state court against Robert Edwards, alleging he owed Lincoln $452,558.29. Edwards removed the action to federal court and filed a counterclaim for breach of contract. Lincoln raised the statute of limitations as an affirmative defense to Edwards' counterclaim. The district

court[1] concluded that there was an agency relationship between Lincoln and Edwards, and that the statute of limitations did not begin to run until February 1995, when Lincoln terminated the contractual relationship. Lincoln appeals, arguing that Edwards' claim is barred by the statute of limitations, and that the district court incorrectly decided that the statute of limitations period did not commence until the agency relationship ended. We affirm.

Lincoln and Edwards entered into a Marketing Director Agreement effective February 1, 1982. In exchange for overwrite commissions, Edwards agreed to recruit, train, and supervise general agents to sell Lincoln's policies. The agreement provided that Edwards was an independent contractor and that amounts payable under the contract "shall be solely for services as an independent contractor."

The agreement provided that the agent commission statements rendered by Lincoln concerning "commissions paid and/or payable, advances and indebtedness shall be conclusive" unless Lincoln received notice within thirty days. The agent commission statements documented all financial activities for a particular agent, including commissions earned and "chargebacks" (which occurred when Lincoln advanced a commission on a policy and the policy was canceled before the policy term). The agreement allowed Lincoln to amend the overwriting commission at any time, but Lincoln agreed that it would pay all marketing directors the same commission. Contemporaneously with the Marketing Director Agreement, Lincoln and Edwards entered into a General Agent Agreement which also set forth Edwards' obligation to

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

market insurance products for Lincoln in exchange for commissions. Edwards and Lincoln later entered into a Master General Agent Agreement on March 29, 1984. This agreement also provided that Lincoln would pay all master general agents the same overwriting commission and characterized the relationship of master agent and Lincoln as an "independent contractor."

Although not stated in the written agreements, Lincoln told Edwards that it would not "compete" to recruit future agents in his geographical area, and that it would assign all agents in the Dallas-Fort Worth area to Edwards.

On March 7, 1986, Edwards signed an agreement to pay Lincoln $433,100.72, plus interest. This obligation came about from an indebtedness created by several of Edwards' subagents. To help Edwards pay this debt, Lincoln agreed to increase his commissions and to assist Edwards in the recruitment of additional brokers in the Dallas-Forth Worth area.

In January 1994, Edwards requested an accounting of all transactions under the 1982 agreement. Lincoln denied the request, and on February 21, 1995, Lincoln notified Edwards that it was terminating its agreements with him. Lincoln filed suit in state court for breach of the March 7, 1986, contract, as modified by a May 1, 1987, addendum revising Edwards' payment obligations.

Edwards removed the case to federal court and filed a counterclaim on June 1, 1995, alleging that Lincoln breached their agreements by: 1) failing to assign agents in the Dallas-Fort Worth area to him; and 2) paying some agents at a higher commission

rate. Lincoln raised the statute of limitations as an affirmative defense. Lincoln's position was that Edwards knew of the alleged breaches more than five years before he filed his counterclaim on June 1, 1995. Lincoln contended that Edwards knew about the assignment of agents as early as 1985 and about the differing commission rates in 1989.

The district court denied Lincoln's summary judgment motion, concluding that the statute of limitations[2] did not begin to run until Lincoln terminated the agency relationship on February 21, 1995. Lincoln now appeals, arguing that the statute of limitations began to run in 1989, the date of the alleged breach. Lincoln contends that the court erred in concluding that the statute of limitations period began from the date Lincoln and Edwards ended their agency relationship and in concluding that the two parties had an agency relationship.

**I.**

In general, a cause of action accrues and the statute of limitations begins to run when the aggrieved party has a right to institute and maintain a suit. See, e.g., L. J. Vontz Constr. Co. v. Department of Roads, 440 N.W.2d 664, 666-67 (Neb. 1989). Relying on Central States Resources Corp. v. First National Bank, 501 N.W.2d 271 (Neb. 1993), the district court concluded, however, that the statute of limitations did not begin to run when the alleged breach of contract occurred, but rather, the statute did

---

[2]Nebraska provides for a five-year statute of limitations for breach of a written contract and a four-year statute of limitations for breach of an oral contract. See Neb. Rev. Stat. §§ 25-205, 206 (1995).

not commence until Lincoln and Edwards terminated their agency relationship in 1995. Lincoln contends that the district court relied on dictum from Central States, and that the court erred in applying Central States at all because Edwards was an independent contractor and not an agent of Lincoln.

We review the district court's interpretation of Nebraska law de novo, giving no deference to the district court's interpretation of state law.  See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

## A.

In Central States, the Nebraska Supreme Court stated:

> [W]here there is a general or continuing agency, a statute of limitations does not commence to run until the agency is terminated, so that unless the death of one of the parties occurs, the termination of a continuing agency cannot be effective so as to set the statute in motion until an accounting is had or a demand for an accounting made and refused, or there is an express repudiation of agency communicated to the principal.

501 N.W.2d at 276.

The district court concluded that there was a general or continuing agency relationship between Edwards and Lincoln such that the statute of limitations did not begin to run until February 1995, when Edwards demanded an accounting and Lincoln terminated their contractual relationship.

We summarily reject Lincoln's first argument that the district court relied on dicta from Central States in concluding that a general or continuing agency relationship tolled the statute of limitations. The Nebraska Supreme Court decided the statute of limitations had not expired in Central States because there was a continuing agency relationship between two banks. 501 N.W.2d at 276-77. The direction of the court that the statute of limitations period did not commence until the agency relationship ended was central to the court's holding that the statute had not yet expired. The language was not dictum, and controls here. Cf. McCuen v. American Cas. Co., 946 F.2d 1401, 1407 (8th Cir. 1991).

**B**.

Lincoln's next argument is that Central States does not apply because Edwards was an independent contractor and not an agent of Lincoln. Lincoln points out that the 1982 and 1984 agreements specifically provide that Edwards is an independent contractor and not an "employee[] or servant[] of [Lincoln]." Lincoln also contends that an examination of the ten factors used to determine whether an individual is an agent or an independent contractor, see Delicious Foods Co. v. Millard Warehouse, Inc., 507 N.W.2d 631, 636 (Neb. 1993), establishes that Edwards was an independent contractor and not an agent of Lincoln. The ultimate conclusion of whether an individual is an independent contractor is a question of law, which we review de novo. See id.; see also Berger Transfer & Storage v. Central States, Southeast and Southwest Areas Pension Fund, 85 F.3d 1374, 1377-78 (8th Cir. 1996); Wal-Mart Stores, Inc. v. Crist, 855 F.2d 1326, 1330 n.4 (8th Cir. 1988).

Whether an agency exists depends on the facts underlying the relationship of the parties, irrespective of the words or terminology used by the parties to characterize their relationship. See Waterhout v. Associated Dry Goods, Inc., 835 F.2d 718, 720 (8th Cir. 1987); Delicious Foods Co., 507 N.W.2d at 637. Lincoln argues that because Edwards determined when he wanted to work and who he wanted to work with, he controlled his own business and was not an agent of Lincoln.

The district court found, however, that Lincoln had sufficient control over Edwards to create an agency relationship. The court pointed out that although the marketing agreement gave Edwards the responsibility of developing and supervising Lincoln's business, this responsibility was subject to Lincoln's rules, regulations and standards. The agreement barred Edwards from entering into insurance sales agreements with other insurers. The court acknowledged that although Lincoln did not control the manner in which Edwards physically conducted himself in performing his duties, Lincoln required Edwards to operate on Lincoln's behalf and held veto power over Edwards' agent selections. Lincoln considered Edwards as a marketing director, "the front line of management for the company." The court determined that Lincoln required Edwards to act as its representative, and Edwards had authority to conduct business transactions on Lincoln's behalf. Lincoln does not argue that these underlying findings are clearly erroneous, and we are persuaded that the relationship parallels the relationship in Grone v. Lincoln Mutual Life Insurance Co., 430 N.W.2d 507 (Neb. 1988). In that case, the Nebraska Supreme Court characterized a similar relationship as that of a principal and agent. Id. at 511. As here, the individual had an exclusive selling agreement with the insurance company, and there was evidence of the insurer's ability to control the agent's activities. Id. at 509. Cf. Birchem v. Knights of

<u>Columbus</u>, 116 F.3d 310, 313 (8th Cir. 1997);  <u>Moore v. Hartford Fire Ins. Co.</u>, 481 N.W.2d 196, 197 (Neb. 1992).

We conclude that an agency relationship existed between Edwards and Lincoln and that the statute of limitations did not begin to run until February 1995, when the agency relationship ended.  Accordingly, we need not consider Edwards' alternative argument that the statute of limitations was tolled because of fraudulent concealment or Lincoln's argument that Edwards claim is actually a claim for an "account stated."

We affirm the district court's judgment.

BEAM, Circuit Judge, concurring.

I concur in the result reached by the court, and write separately only to address a distinction which the parties failed to discern.  Lincoln argues that Edwards could not have been an agent because he was an independent contractor.  This, however, is a false dichotomy.  An agent can be either an independent contractor or an employee. <u>See</u>, Restatement (Second) of Agency § 14N.  For example, the attorney-client relationship is an agent-principal relationship and yet attorneys are also independent contractors.  <u>See</u> 41 Am. Jur. 2d <u>Independent Contractors</u> § 2.  The ability of independent contractors to be agents is beyond dispute.  The parties' confusion seems to stem from the occasional tendency of courts to use "agent" as a colloquial synonym for "employee" when distinguishing between an employee and an independent contractor.  <u>See, e.g.</u>, <u>Delicious Foods Co. v. Millard Warehouse ,Inc.</u>, 507 N.W.2d 631, 636 (Neb. 1993).

In this case, we are not concerned with whether Edwards was Lincoln's employee or an independent contractor.  We are concerned with whether Edwards was

Lincoln's agent, because only agency will toll the statute of limitations. Under Nebraska law, one is an agent if he or she acts: (1) for the benefit of another and (2) subject to that other's control. See, e.g., Andrews v. Schram, 562 N.W.2d 50, 54 (Neb. 1997). Edwards meets both prongs of this test. Therefore, the court correctly holds that the resulting agency relationship served to toll the statute of limitations, and I concur.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.