# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2990

_____

Marie Hople; Charles Hople,     *
                             *

        Appellees,     *
                             *    Appeal from the United States
    v.                         *    District Court for the
                                 *    Eastern District of Missouri.

Wal-Mart Stores,     *
                             *

        Appellant.     *

_____

Submitted: April 14, 2000

Filed: July 27, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, Circuit Judge, and FRANK[1], District Judge.

_____

BEAM, Circuit Judge.

In this textbook slip-and-fall case, Marie Hople slipped and fell on water while shopping at a Wal-Mart store. The Hoples sued Wal-Mart to recover damages for personal injuries and for loss of consortium. The jury found Wal-Mart liable.  The

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

district court[2] entered judgment on the verdict and denied Wal-Mart's motion for judgment as a matter of law. We affirm.

Wal-Mart's only argument on appeal is that the district court erred in not granting judgment because the Hoples failed to make a case submissible to the jury. Specifically, Wal-Mart argues that the Hoples failed to show Wal-Mart had notice of a dangerous condition when there was no evidence as to the length of time the water had been on the floor prior to Marie Hople's fall. The district court rejected this argument finding that Wal-Mart's emphasis on the length of time the water was on the floor was contradictory to Missouri law in slip-and-fall cases.

We review de novo the denial of a motion for judgment as a matter of law, viewing the evidence and reasonable inferences in the light most favorable to the non-moving party. See Stewart v. M.D.F., Inc., 83 F.3d 247, 252 (8th Cir. 1996). Missouri law is applicable in this diversity case. We review the district court's interpretation of the applicable state law de novo. See Derby v. Godfather's Pizza Inc., 45 F.3d 1212, 1214 (8th Cir. 1995).

Under Missouri law, if the owner of a business has actual or constructive notice of a dangerous or foreseeable condition he has the duty to prevent injuries resulting from that condition. See Breckenridge v. Meierhoffer-Fleeman Funeral Home, Inc., 941 S.W.2d 609, 611 (Mo. Ct. App. 1997). In Sheil v. T.G. & Y. Stores Co., 781 S.W.2d 778 (Mo. 1989), the Missouri Supreme Court held that a plaintiff in a slip-and-fall case could make a submissible case on the issue of constructive notice without showing the length of time the dangerous condition had existed. See id. at 780.

_____

[2]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Wal-Mart asserts that Sheil is not applicable because the dangerous condition in this instance —water resulting from snow tracked into the store — is not a product sold by the store or a type of hazard that is peculiar to Wal-Mart's self-service mode of operation. This argument, however, is foreclosed by our decision in Spencer v. Kroger Co., 941 F.2d 699 (8th Cir. 1991). In that opinion, we noted that after Sheil, "Missouri courts no longer strictly adhere to the 'length of time' rule for proof of constructive notice, whether the hazard results from a product of the store or some other device or condition." Spencer, 941 F.2d at 702. Rather, the liability of a store owner in a slip-and-fall case under Missouri law is predicated on the foreseeability of the risk and the reasonableness of the care extended toward business invitees. See id. at 703. "Foreseeable risks extend beyond a given store's products." Id. at 702; see also Stewart, 83 F.3d at 253 (recognizing Missouri's abrogation of "length of time" rule in a slip-and-fall case resulting from water tracked into restaurant during inclement weather); Love v. Hardee's Food Systems, Inc., 16 S.W.3d 739, 743 (Mo. Ct. App. 2000) (using Sheil analysis in slip-and-fall on water from restroom).

In short, we find the Hoples were not required to produce evidence regarding the length of time the water hazard existed prior to Marie Hople's injury to submit the case to the jury. Furthermore, having reviewed the record, we find the evidence presented at trial, viewed in the light most favorable to the Hoples, was sufficient to permit a jury to find that Wal-Mart breached its duty of reasonable care to protect a customer from a foreseeable, dangerous condition. See Stewart, 83 F.3d at 252-53 (finding sufficient evidence to submit slip-and-fall case to jury when facts showed that slippery floor resulting from water tracked into a restaurant during inclement weather was a foreseeable, dangerous condition).

Thus, we find Wal-Mart's motion for judgment as a matter of law was properly denied. Accordingly, we affirm.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.