**Ronald J. FOGELBACH, Appellant,**

v.

**WAL–MART STORES, INC., Appellee.**

No. 01–1199.

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 10, 2001.

Filed: Oct. 29, 2001.

Joseph W. Gabriel, St. Louis, MO, argued, for appellant.

Christine A. Alsop, St. Louis, MO, argued, for appellee.

Before: BOWMAN, HEANEY and BYE, Circuit Judges.

HEANEY, Circuit Judge.

This is a personal injury case arising out of a slip and fall incident at a St. Louis County, Missouri Wal–Mart store. Ronald Fogelbach appeals the district court's [1] issuance of judgment as a matter of law in favor of Wal–Mart and the court's denial of his motion for a new trial. Because we find that the district court erred by taking away the jury's verdict, we reverse.

---

1. Fogelbach initially filed the case in the Missouri Circuit Court for the Twenty–Third Judicial Circuit (Jefferson County). Wal–Mart removed the case to federal court, where it was assigned to a United States Magistrate Judge. The parties consented to a jury trial before the Magistrate. See 28 U.S.C. § 636(c).

## I. Background

We present the facts in the light most favorable to the jury verdict. On July 14, 1995, Ronald Fogelbach was about to enter a Wal–Mart store when he stepped on one end of a one-half inch thick, dirty plastic band measuring over one foot in diameter. This step made the band flip up and trip his other foot, causing him to fall. Although he injured his leg, shoulder, wrist, and elbow, Fogelbach was able to get up and report the incident to a Wal–Mart customer service representative.[2]

The band was located on the pavement in front of several vending machines, about fifteen to twenty feet from the main doors to the store. This area is separated from the parking lot by a line of red bricks and red metal posts and is paved with concrete, as opposed to the asphalt paving in the parking lot. The jury was shown five photographs depicting the area where the accident occurred, and Fogelbach presented evidence that Wal–Mart employees were regularly in the front area where he tripped. In discovery, Wal–Mart admitted that this area was under the exclusive care, custody and control of Wal–Mart Stores, Inc. The store where the accident took place is one of Wal–Mart's larger stores. It had a customer count of 4,314 on the day of this accident.[3]

As a result of his injuries, Fogelbach brought this personal injury tort action against Wal–Mart Stores, Inc. At trial, the jury returned a verdict in favor of Fogelbach. The jury assessed damages of $150,000 and allocated fifty percent fault to the plaintiff, resulting in a net verdict of $75,000. Following the verdict, Fogelbach filed a motion for a new trial, contesting the court's refusal to give a requested jury instruction.[4] Wal–Mart also contested the verdict and filed a motion for judgment as a matter of law or, in the alternative, a new trial. The district court overruled the motions for a new trial but granted Wal–Mart's motion for judgment as a matter of law. The district court then vacated the jury verdict and issued an amended final judgment in favor of Wal–Mart. Fogelbach appeals the district court's denial of his motion for a new trial and the issuance of judgment as a matter of law in favor of Wal–Mart.

## II. Analysis

Fogelbach claims that the district court erred by: (1) failing to give a jury instruction that had been given in a similar slip and fall case, *Martin v. Wal–Mart Stores, Inc.*, 183 F.3d 770 (8th Cir.1999); and (2) by sustaining Wal–Mart's Motion for judgment as a matter of law and entering an amended final judgment in favor of Wal–Mart.

A United States District Court sitting in diversity jurisdiction applies the substantive law of the forum state, in this case, Missouri. *See Martin*, 183 F.3d at 772. Missouri follows the traditional rule that a plaintiff in a slip and fall case must establish that a defendant store had actual or constructive notice of a dangerous con-

---

2. Fogelbach gave the plastic band to Wal–Mart employees, but they discarded it and it was not available for trial.

3. The customer count is the number of transactions that go through the cash registers in a day. The Wal–Mart general manager admitted that the customer count under-represents the number of people who actually enter the store each day.

4. Fogelbach asserted that he was entitled to a new trial because the jury was not given the *Martin* jury instruction discussed *infra*. He argued that the jury would not have assessed fifty percent fault against him if the instruction had been given.

dition. *See, e.g., Hople v. Wal–Mart Stores,* 219 F.3d 823, 824 (8th Cir.2000). Before 1989, a plaintiff had to produce evidence that a hazard had been present longer than twenty minutes to present a submissible case on the issue of constructive notice. *See Grant v. National Super Markets, Inc.,* 611 S.W.2d 357 (Mo.Ct.App. 1980).

■ In *Sheil v. T.G. & Y. Stores Co.,* 781 S.W.2d 778 (Mo.1989) (en banc), however, the Missouri Supreme Court held that the length of time a hazard has been on the ground is no longer a conclusive factor in determining whether a plaintiff has presented a submissible case on the issue of constructive notice. The court reasoned that modern methods of self-service merchandising pose different risks than more traditional methods of merchandising. *See id.* at 781. Therefore, the court held that a self-service store owner is charged with the foreseeable risks inherent in its mode of operation. *See id.* Under current Missouri law, "the inquiry of whether the danger existed long enough that the store should have reasonably known of it (constructive notice) is made in light of the fact that the store has notice that certain dangers arising through customer involvement are likely to occur, and the store has a duty to anticipate them." *Martin v. Wal–Mart Stores, Inc.,* 183 F.3d 770, 772 (8th Cir.1999) (discussing *Sheil,* 781 S.W.2d at 780–81).

■ Fogelbach's first challenge focuses on the district court's refusal to issue a jury instruction based on the holding of the *Sheil* case. The district court has wide discretion to formulate appropriate jury instructions. *See Scheerer v. Hardee's*

*Food Systems,* 92 F.3d 702, 707 (8th Cir. 1996) (citation omitted). In reviewing instructions, this court must determine whether the instructions, "taken as a whole and viewed in light of the evidence and the applicable law, fairly and adequately submitted the issues in the case to the jury." *B & B Hardware, Inc., v. Hargis Indus., Inc.,* 252 F.3d 1010, 1012 (8th Cir.2001). This court will not reverse unless we find that the error affected the substantial rights of the parties. *See Martin,* 183 F.3d at 773.

■ Under Missouri law, if the owner of a business has actual or constructive notice of a dangerous condition, he has a duty to prevent injuries resulting from that condition. *See Hople v. Wal–Mart Stores,* 219 F.3d 823, 824 (8th Cir.2000) (citation omitted). In this case, the jury was instructed on these elements. Instruction Seven stated:

> In your verdict you must not assess a percentage of fault to defendant, whether or not plaintiff was partly at fault, unless you believed:
>
>> First, there was a plastic band on the sidewalk immediately in front of the entrance to defendant's store and as a result the entrance was not reasonably safe, and
>>
>> Second, defendant knew or by using ordinary care could have known of this condition, and
>>
>> Third, defendant failed to use ordinary care to remove the plastic band, and
>>
>> Fourth, such failure, directly caused or directly contributed to cause damage to plaintiff.[5]

---

5. Similarly, Instruction Six stated:

In your verdict you must assess a percentage of fault to defendant, whether or not plaintiff was partly at fault, if you believe:

First, there was a plastic band on the sidewalk immediately in front of the entrance to defendant's store and as a result the entrance was not reasonably safe, and

The Court declined to give the following self-service store instruction:

[A] self-service store … is deemed to have actual notice of foreseeable risks of dangers created by merchandise and other foreign substances on the floor whether those dangers are created by store employees or customers.

Fogelbach challenges the failure of the court to give this instruction.

The trial court in *Martin* gave the self-service store instruction, along with instructions similar to Instruction Seven in the present case. A panel of this court upheld the use of the self-service instruction. *See Martin*, 183 F.3d at 774 ("Though the self-service store instruction may not be a model of clarity, we find that the instructions, taken as a whole, adequately charged the jury under Missouri law."). The *Martin* Court noted that this instruction merely clarifies the degree of vigilance or effort needed to constitute ordinary care by Wal–Mart. *See id.*

■ We do not believe that the district court committed reversible error when it refused to give the self-service store instruction. "The liability of a defendant store owner in [slip and fall] cases is based upon his superior knowledge of a defective condition on his premises which results in injury." *Hunt v. National Super Mkts.*, 809 S.W.2d 157, 159 (Mo.Ct.App.1991) (citation omitted). Accordingly, the district court instructed the jury that it could not assess fault against Wal–Mart unless it believed that Wal–Mart knew about the plastic band or by using ordinary care,

Second, defendant knew or by using ordinary care could have known of this condition, and
Third, defendant failed to use ordinary care to remove the plastic band, and
Fourth, such failure, directly caused or directly contributed to cause damage to plaintiff.

could have known about the band. The jury found that Wal–Mart did have such constructive notice. Although the self-service store instruction would have clarified for the jury what is meant by the term "ordinary care" in the second paragraph of Instructions Six and Seven, the failure to give the instruction did not prevent the jury from finding that Wal–Mart had constructive notice of the plastic band. The jury allocated fifty percent fault to Wal–Mart; therefore, we cannot find that the failure of the court to give this instruction substantially affected Fogelbach's rights.[6] We find no reversible error in the jury instructions.

■ Next, Fogelbach challenges the district court's order granting judgment as a matter of law in favor of Wal–Mart and its entry of an amended final judgment. We review a court's grant of judgment as a matter of law de novo, using the same standards as the trial court. *See Phillips v. Collings*, 256 F.3d 843, 847 (8th Cir. 2001) (citation omitted). A judgment as a matter of law should only be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Id.* (quoting Fed.R.Civ.P. 50(a)). "In making this determination, the court must draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." *Id.* (citations omitted).

In entering judgment as a matter of law in favor of Wal–Mart, the district court reasoned that:

6. Fogelbach argues that the jury might have apportioned fault differently if the instruction had been given. We are not persuaded, however, that this instruction, which does not mention apportionment of fault, would have led the jury to assess more fault against Wal–Mart.

There was no evidence of where the band came from, that it was from a Wal–Mart product or the type of band Wal–Mart uses, or how long it had been there on the ground.[7]

It may be reasonable to assume that a Wal–Mart customer dropped the band after removing it from a newly purchased product, but it clearly could have come from elsewhere. . . .

[T]he rationale supporting liability in the *Sheil* and *Martin* cases does not apply in the facts of this case. Fogelbach was not inside the store where the store's chosen method of merchandising may have put him at increased risk. The plastic band was outside the store, and the danger of spilled, broken, or misplaced merchandise in the store aisles was not present there. In respect to this fall, the "self-service" aspect of the store's operation was immaterial. Nor is there any assurance that the plastic band itself is related to any Wal–Mart merchandise or that its presence is related to how Wal–Mart offers items for sale.

There must be a limit to how far the rationale of *Sheil* can be stretched, otherwise a self-service store will be the guarantor of the safety of any person who comes onto its property—inside or outside the store. It is the opinion of the Court that Missouri law has not gone that far.

■ Although this court agrees that Missouri law does not require a self-service store to be held strictly liable for any accidents that occur on its premises, we find that the district court misapplied Missouri law and did not regard the evidence in the light most favorable to Fogelbach

when granting Wal–Mart's motion for judgment as a matter of law.

■ The district court erred when it held that the rationale of *Sheil* and *Martin* do not apply to the facts of this case because Fogelbach's fall did not occur inside the store. To the contrary, Missouri courts have held that the logic of *Sheil* does apply to accidents that occur outside a store. In *Moss v. National Super Mkts, Inc.*, a companion case to *Sheil*, the Missouri Supreme Court stated that "[t]he parking lot is an integral part of the store . . . and the duties of a store owner with regard to the parking lot are essentially the same as those that relate to the inside of a store." *Moss v. National Super Mkts., Inc.*, 781 S.W.2d 784, 785 (Mo.1989) (en banc); *see also Forrest v. Schnucks Markets, Inc.*, 791 S.W.2d 447, 450 (Mo.Ct. App.1990) (applying *Sheil* and *Moss* to a slip and fall that occurred in a parking lot). Furthermore, the district court erred when it faulted Fogelbach for not proving the origin of the plastic band. "Missouri courts no longer strictly adhere to [traditional rules] for proof of constructive notice, whether the hazard results from a product of the store or some other device or condition." *Spencer v. Kroger Co.*, 941 F.2d 699, 702 (8th Cir.1991).

Missouri law instructs that the issue in this case is whether Wal–Mart's method of operation, as well as the totality of the circumstances, was such that the presence of the packing band in Wal–Mart's entrance area was reasonably foreseeable. *See id.* at 703. Under Missouri law, this is a jury question. *Id.*

Upon review of the record and examining the facts in the light most favorable to the nonmoving party, we conclude that the

**7.** This conclusion does not acknowledge evidence presented that the band looked as if it had been on the ground for a while.

evidence presented by Fogelbach was sufficient for a jury to decide the facts of his case. Fogelbach testified that the band was on the ground, in an area near the entrance, and that the band appeared dirty, beat-up, and bruised, as if it had been on the ground for a while. He also showed several pictures of Wal–Mart's entrance to the jury—these pictures demonstrate that the Wal–Mart store covers a large area, and that the entrance area where the accident occurred was slightly inset from the rest of the store, possibly giving rise to an inference that the wind could not suddenly blow in a plastic band from another location. He presented evidence that the store welcomes thousands of customers each day, and that the area where the accident occurred is one of the most highly trafficked areas of the store. He further presented evidence that Wal–Mart employees are regularly in the area where this accident occurred.

Based on the evidence presented, a reasonable jury could find that the plastic band was a foreseeable hazard and that Wal–Mart was negligent in not finding the hazard and removing it. It was for the jury to evaluate the credibility of the witnesses and to determine from all the evidence whether the dangerous condition was foreseeable and whether Wal–Mart exercised reasonable care. *See Stewart v. M.D.F., Inc.*, 83 F.3d 247, 253 (8th Cir. 1996). We find that the district court erred by taking away the jury's verdict. We reverse and instruct the district court to issue a final judgment based on the jury's verdict.