# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 13-2183

———————————————

John Vincent Mackovich

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: March 4, 2014
Filed: April 24, 2014
[Unpublished]

——————————

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

——————————

PER CURIAM.

John Mackovich appeals the district court's[1] adverse judgment entered after a bench trial in this Federal Tort Claims Act (FTCA) action arising out of a claim that

———————————————

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

negligence contributed to a slip-and-fall accident in the dining room at the United States Medical Center for Federal Prisoners in Springfield, Missouri. Following careful review, we conclude the district court's findings are not clearly erroneous, and there is no basis to reverse its determination that Mackovich failed to establish liability on the part of the government. See 28 U.S.C. § 2674; Wright v. St. Vincent Health Sys., 730 F.3d 732, 737 (8th Cir. 2013) (after bench trial, district court's factual findings are reviewed for clear error and its legal conclusions de novo; reviewing court will overturn factual finding only if it is not supported by substantial evidence in record, if it is based on erroneous view of law, or if reviewing court is left with definite and firm conviction that error was made); Little White Man v. United States, 446 F.3d 832, 835 (8th Cir. 2006) (in FTCA action, court applies law of state in which acts underlying complaint occurred); Fogelbach v. Wal-Mart Stores, Inc., 270 F.3d 696, 698-700 (8th Cir. 2001) (Missouri slip-and-fall plaintiff must establish defendant had actual or constructive notice of dangerous condition that resulted in injury); see also Moore v. Novak, 146 F.3d 531, 534-35 (8th Cir. 1998) (trial judge's evaluation of witness credibility can virtually never amount to clear error). In addition, contrary to Mackovich's position on appeal, we see no indication in the record that he requested or was denied the opportunity to make an opening statement or to testify on his own behalf. See Porterco, Inc. v. Igloo Prod. Corp., 955 F.2d 1164, 1173 (8th Cir. 1992) (to obtain appellate review of trial court's acts or omissions, party must have made known to trial court action it desired court to take or objection to court's action and grounds therefor). Last, we find no abuse of discretion in the district court's handling of closing remarks. See Cook v. City of Bella Villa, 582 F.3d 840, 856-57 (8th Cir. 2009).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____